Montreal Mining Company, Appellant, vs. The State, Respondent.

*November 21—December 9, 1913.*

*Taxation: Income tax: Corporations: "Hearing and appeal" as to decision of tax commission: Statute construed: Illegal taxes: Remedies.*

1. Sec. 1087m—13, Stats. (providing that any corporation feeling aggrieved by the decision of the state tax commission regarding the assessment of its income "shall be granted the same rights of hearing and appeal as are now granted corporations.

assessed by said commission"), does not refer to an action to recover taxes illegally levied, but to a review before the tax commission of its preliminary decision as to the amount of income upon which the corporation must pay an income tax; being in effect the same right as the right "to appear and be heard" given to certain corporations, in respect to the assessment of their properties, by secs. 1215—10, 1218—11, 1222—11, 1222bb, 1222—53, 1222—63, 1222—73, Stats.

2. The time of the hearing under said sec. 1087m—13, Stats., is a matter of detail for which the commission may provide.

3. *It seems* that the remedies as to the cancellation of illegal taxes and the refund of moneys paid thereon which, by ch. 27, Laws of 1913 (sub. 4, sec. 1087m—22, Stats. 1913), are preserved to all persons paying income taxes, include the remedies given by sec. 1164, Stats. (Laws of 1913, ch. 478), by way of the filing of a claim and the commencement of an action against the town, city, or village to which the illegal taxes are paid.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Lines, Spooner, Ellis & Quarles,* attorneys, and *Goulder, Day, White, Garry & Duncan,* of counsel, and oral argument by *George Lines* and *Louis Quarles.*

For the respondent there was a brief by the *Attorney General,* and oral argument by *Walter Drew,* deputy attorney general.

WINSLOW, C. J.   The plaintiff, a Wisconsin corporation, brings this action against the state in the circuit court for Dane county to recover an income tax levied against it for the year 1912, which is claimed to have been unlawfully levied. A general demurrer to the complaint was sustained, and the plaintiff appeals. The plaintiff's claim is that the action is authorized by sec. 1087m—13, Stats. 1911 (being one of the sections of the Income Tax Law), which provides as follows:

"Any corporation, joint stock company or association subject to assessment by the state tax commission, feeling aggrieved by the decision of said commission regarding the

assessment of its income, shall be granted the same rights of hearing and appeal as are now granted corporations assessed by said commission." ·

Unless this section authorizes the present action it is conceded that it cannot be maintained.

The section is not accurately worded, nor as clear in its meaning as might be wished, but we are well satisfied that it does not refer to an action to recover taxes illegally levied, but rather to a review before the tax commission of its preliminary decision as to the amount of income upon which the corporation must pay an income tax.

The three sections which immediately precede it provide for the determination and assessment of all incomes on or after January 1st in each year, and for the manner of making returns both by individuals and corporations, as well as for the penalties for fraudulent or incorrect returns. By sec. 1087m—10 it is provided that the assessment of corporations and joint-stock companies shall be made by the state tax commission and the assessment of persons by the county assessors. By sec. 1087m—11 it is provided that if it appears from evidence before the tax commission that any corporation has made incorrect or incomplete returns during the preceding three years, the tax commission may require of the corporation additional information and may make additions to the assessment for the current year to correct such previous errors, and shall give notice in writing of such increase to the corporation. Sec. 1087m—12 makes similar provisions with regard to the incomes of persons. Then follows sec. 1087m—13, already quoted. The six sections immediately following contain full and precise provisions regulating the appointment of a county board of review, before whom all complaints as to the assessment of personal incomes by county assessors can be made, and provide for an appeal from the decisions of that board of review to the state tax commission.

The position of the section in controversy is very persuasive as to its intent. It is placed exactly in the position where a provision for review of the assessment would naturally be placed. Unless it be construed to mean such a review, then no review of an assessment once made by the commission is provided for, although the legislature has been industriously careful to provide for two reviews of the assessment of personal incomes, and notwithstanding the further fact that as to certain increases made by the tax commission the commission is required to give notice to the corporation affected thereby that the increase has been made. This latter proceeding would seem to be entirely superfluous, if not absurd, if it were to be held that the corporation has no right to be heard concerning the matter.

Turning to other sections of the statute for assistance in construing the section under consideration, we find that the following classes of corporations were assessed by the commission for purposes of taxation at the time the Income Tax Law was passed, viz.: railroad, telegraph, sleeping-car, street railway, express, freight line, and equipment companies. Sec. 1212 to sec. 1222—71, inclusive, Stats. 1911. As to railroad, telegraph, and street railway corporations, we find it provided that the tax commission shall meet on the second Tuesday in November of each year to review the assessment of the property of such companies, and that any company assessed has the right to appear and "be heard" as to the value and assessment of its property and the tax to be levied thereon at that time. Secs. 1215—10, 1218—11, and 1222—11, Stats. 1911. As to the other companies named, they are given a right "to appear and be heard" in respect to the assessment to be made upon their properties at a meeting to be held on the third Wednesday of August in each year. Secs. 1222*bb*, 1222—53, 1222—63, 1222—73, Stats. 1911.

It is very plain to us that this is the right of "hearing

and appeal" which is granted to corporations assessed under the Income Tax Act. The time of the hearing is not fixed by the act, but that is evidently a matter of detail which is entirely within the power of the commission to provide for.

We arrive at this conclusion the more readily because of the fact that by ch. 27 of the Laws of 1913 the legislature has expressly preserved to all persons paying income taxes the same remedies as to the cancellation of illegal taxes and the refund of moneys paid thereon as are given in the laws relating to taxes upon personal property. We see no reason why the remedy given by sec. 1164, Stats., as amended by ch. 478, Laws of 1913, by way of the filing of a claim and the commencement of an action against the town, city, or village to which the illegal taxes are paid, is not included within the provisions of this law.

*By the Court.*—Order affirmed.