CITY OF SUPERIOR, Respondent, vs. ALLOUEZ BAY DOCK COMPANY, Appellant.

*February 3—February 24, 1914.*

*Taxation: Income tax of corporation, where payable: By whom to be collected: Remedies: Action, where brought.*

1. For the purposes of taxation under the state Income Tax Law, the *situs* of the income of a corporation is not at the state capital, but in the town, city, or village in which the corporation is located.
2. The tax is to be paid to such town, city, or village, and if not paid is to be collected by the local authorities, not by the state.
.3. All remedies and actions given for collection of taxes on personal property are available for the collection of the income tax, including taxes of corporations.
4. Under sec. 1107a, Stats., an action for the collection of an income tax may be brought in the circuit court.

APPEAL from an order of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff, a municipal corporation, in the circuit court for Douglas county to recover

the amount of the income tax of 1912 assessed against the defendant. The complaint alleges that the tax was assessed against the defendant and placed upon the tax roll of plaintiff for the year 1912; that the tax roll and warrant were delivered to the treasurer of the plaintiff, *City of Superior,* for collection; that demand of payment was made and refused. The defendant demurred to the complaint on three grounds: (a) No jurisdiction; (b) plaintiff not a proper party plaintiff; and (c) want of facts sufficient to constitute a cause of action.

The cause was submitted for the appellant on the brief of *J. A. Murphy* and *E. C. Lindley,* and for the respondent on that of *Arch'd M'Kay, H. V. Gard,* and *T. L. M'Intosh.*

KERWIN, J.    The demurrer raises the right of the plaintiff to maintain the present action. Counsel for appellant discuss in their brief various provisions of the Income Tax Law and arrive at the conclusion that this action cannot be maintained. This contention is based mainly upon the idea that the Income Tax Law does not authorize or contemplate such an action; that while the law provides for collection of the income tax from individuals by local authorities, it does not as to corporations, but that the state collects the income tax from corporations under the provisions of sec. 1215—40, Stats., if the corporation fails to pay.

While the Income Tax Law provides for the assessment of incomes of individuals by the county assessors of incomes, and of corporations by the state tax commission, it further provides that the taxes upon incomes both of individuals and corporations be collected by the local treasurer in the same manner; that all remedies and actions given for collection of taxes on personal property are available for the collection of the income tax, including taxes of corporations. Sec. 1087m—1 to sec. 1087m—29.

Sec. 1087m—20 provides, in effect, that the state tax commission shall complete the assessment of income for each corporation on or before the 15th day of October in each year, and compute the tax thereon, and shall thereupon certify to each county clerk a statement of the assessment of each corporation and the amount of the tax levied against each.

Sec. 1087m—21 provides that the tax upon the income of persons other than corporations, joint-stock companies, and associations shall be computed by the county clerk, assisted by the assessor of incomes, and said clerk shall on or before November 1st certify to each town, city, and village clerk the names of all persons whose incomes are assessed in his town, city, or village, and the amount of tax levied against each such person, and such amount shall be entered by the town, city, and village clerks in a separate column designated "income tax" upon the tax roll of the year, and shall be collected as personal property taxes are now collected.

The word "person" in the act is defined to include any individual, firm, copartnership, and every corporation, joint-stock company, or association organized for profit, and having a capital stock represented by shares, unless otherwise expressly provided. Sec. 1087m—2. So it will be observed that the word "person" as used in sec. 1087m—21 is not confined to natural persons, but includes corporations; therefore the act provides for certification by the county clerk to each town, city, and village clerk of the names of all corporations whose incomes are assessed in his town, city, or village, and that such income taxes shall be collected and paid in the same manner as personal property taxes. And this section further provides that the amount of such tax levied against each person shall be entered in a separate column designated "income tax" upon the tax roll, and be collected and paid as personal property taxes are collected and paid.

Sec. 1087m—22, Stats. 1911, provides that all laws not in

conflict with the provisions of the act regulating time, place, and manner of payment of taxes on personal property, the collection thereof by action, distress, or otherwise, shall apply to income tax. And sec. 1087m—23 provides:

"The revenue derived from such income tax shall be divided as follows, to wit: ten per cent. to the state, twenty per cent. to the county and seventy per cent. to the town, city or village in which the tax was assessed, levied and collected, which shall be remitted and accounted for in the same manner as the state and county taxes collected from property are remitted and paid."

There can be no doubt from the provisions of the law that the remittance is to be made by the local treasurer to the county treasurer and by him to the state, hence the *situs* of corporation incomes is not at the state capital as contended by counsel for appellant. This conclusion is in harmony with the late decision of this court construing several sections of the Income Tax Law. *Montreal M. Co. v. State,* 155 Wis. 245, 144 N. W. 195.

It is further insisted that, if the city has power to maintain the present action, it must be commenced before a justice of the peace under secs. 1100 to 1107, which sections provide a rather drastic remedy. This remedy is not exclusive. Sec. 1107a provides an additional remedy by way of action of debt in the name of the town, city, or village, and after the tax is returned as delinquent in the name of the county for the collection of the tax. The remedy under this section plainly is not confined to justice's court, therefore the present action was well brought in the circuit court for Douglas county. We think it clear that the demurrer was properly overruled.

*By the Court.*—The order appealed from is affirmed.