AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and American Bankers Life Assurance Company of Florida, Appellants,

v.

UNITED STATES of America, Appellee.

No. 24801.

United States Court of Appeals Fifth Circuit.

Jan. 29, 1968.

issued by domestic insurance companies within the United States are taxable under 26 U.S.C.A. § 4371(3) of the 1954 Code. The Insurer-appellants concede that such contracts would be taxable under § 1804 of the Revenue Code of 1939, but they argue here that the recodification in 1954 was more than that and actually brought about a material change of substance. The case turns finally on two little words, "taxable" or "describe," since the problem resolves itself into a question of whether in substituting "taxable" for "describe" Congress meant to make a sudden and decisive change in underlying major legislative policies.

The intricacies of the statutes, their changes, and the legal argument based thereon are set forth in the District Court's opinion, American Bankers Insurance Company of Florida v. United States, S.D.Fla., 1967, 265 F.Supp. 67. The Court held the contracts were subject to the tax. We agree and affirm.

The only relevant legislative history shows that Congress intended no substantial change in the provisions here in question. See S.Rep.No.1622, 83d Cong., 2d Sess., pp. 482–483 (3 U.S.C. Cong. & Admin.News (1954), pp. 4621, 5127).

To accept the Insurer's argument would be to hold that only reinsurance policies issued by a foreign reinsurer to reinsure contracts issued by foreign insurers with respect to hazards, risks, losses or liabilities, wholly or partly within the United States are taxable under § 4371. Since such a holding would present problems of the reach of congressional taxing power, extraordinary problems of tax administration flowing from the necessity of policing insurance contracts issued and held abroad, and the withdrawal of long-continued legislative protection to American reinsurers *vis a vis* foreign reinsurers, we decline to follow literalism so literally to ascribe such an intent to Congress.

Affirmed.

Thomas B. DeWolf, Curtis L. Bader, Miami, Fla., Helliwell, Melrose & DeWolf, Miami, Fla., of counsel, for appellants.

William A. Meadows, Jr., U. S. Atty., Robert L. Steuer, Asst. U. S. Atty., Miami, Fla., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Loring W. Post, Chester C. Davenport, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before BROWN, Chief Judge, GEWIN and WRIGHT,* Circuit Judges.

PER CURIAM:

The sole issue presented is whether contracts of reinsurance issued by foreign insurers to reinsure policies

---

* Circuit Judge of the District of Columbia Circuit, sitting by designation.