TANCK, Clerk, Town of Middleton, Appellant, v. CLERK, MIDDLETON JOINT SCHOOL DISTRICT No. 3, Respondent. [Case No. 452.] *

TANCK, Individually, and as Clerk, Town of Middleton, Appellant, v. WIEGNER, Secretary, Department of Revenue, Respondent: CITY OF MIDDLETON, Intervening Defendant and Respondent. [Case No. 455.] *

*(August Term, 1972). Submitted under sec. (Rule) 251.54 June 6, 1973.—Decided October 2, 1973.*

*(August Term, 1972). Argued June 6, 1973.—Decided October 2, 1973.*

(Also reported in 210 N. W. 2d 708.)

* Motions for rehearing denied, with costs, on November 27, 1973.

296

298

For the appellant in Case No. 452 the cause was submitted on the brief of *Walter H. Erbach* and *Voss, Nesson & Koberstein,* all of Madison.

For the appellant in Case No. 455 there were briefs by *Walter H. Erbach* and *Voss, Nesson & Koberstein,* all of Madison, and oral argument by *Robert C. Voss.*

For the respondent in Case No. 452 the cause was submitted on the brief of *James F. Clark, Ronald J. Kotnik* and *Ela, Christianson, Esch, Hart & Clark,* all of Madison.

For the respondent in Case No. 455 the cause was argued by *Allan P. Hubbard,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the intervening respondent in Case No. 455 there was a brief and oral argument by *Warren D. Lucas* of Madison.

ROBERT W. HANSEN, J.    These two appeals in two separate mandamus actions are dealt with in a single opinion since both actions relate to a single fact situation, although different statutes are relied upon for the relief sought in each case.

*Mandamus against department of revenue.*

The trial court held that the remedy of mandamus was not available to compel the state department of revenue

to adjust its 1972 determination of the full value of the taxable property located within the town of Middleton in order to correct an error made by the department in making its 1970 full value determination. The trial court held that sec. 121.06, Stats., did not authorize the department to correct an inaccurate determination in a subsequent year.

*Sec. 121.06, Stats.* The plaintiff, in the trial court and on this appeal, locates in sec. 121.06 a duty for the department of revenue to consider annexations in determining full values of property and a duty ". . . to adjust the full values certified under sec. 121.06 (1) for 1970 in order to reflect the value of the property annexed out of the town of Middleton. . . ." The statute is entirely silent as to any authority in the department of revenue to correct errors or unequal valuations made in prior years.[1] The legislature could have made provision in such statute for what amounts to a reassessment of property which has already been assessed in a prior year, but, in the absence of such provision by the legislature, no authority exists in the department to do so.[2] Before

---

[1] Sec. 121.06, Stats., provides:

"(1) Annually on or before August 1, the full value of the taxable property in each school district, in each part of a city, village and town in a joint school district and in each city authorized to issue bonds for school purposes, including territory attached only for school purposes, shall be determined by the department of revenue according to its best judgment from all sources of information available to it and shall be certified by the department to the state superintendent.

"(2) The state superintendent shall certify to each school district clerk the appropriate full values certified to the state superintendent under sub. (1)."

[2] *State ex rel. Rowe v. Krumenauer* (1908), 135 Wis. 185, 115 N. W. 798. *See also: Prairie Oil & Gas Co. v. Cruce* (1915), 45 Okla. 774, 782, 147 Pac. 152, holding: ". . . The powers of the board with reference to assessing property, and its other duties in relation to the revenues of the state, are statutory, and no authority exists for any action to be taken by the board unless

a public agency can be compelled by mandamus to perform an act, it must be clear that the act was within its power to perform.[3] A remedial statute does authorize the department of revenue to correct mistaken deletions or additions to county valuations in the year subsequent to the mistake.[4] But such statute applies only to county assessments, not to cities, townships or school districts.

the same is expressly conferred or included by clear implication; and in case of doubt the rule of construction is that the doubt must be resolved against the existence of the power. . . ."

[3] *Id.* at pages 188, 189. *See also: State ex rel. School Directors of Worcester v. Nelson* (1899), 105 Wis. 111, 115, 80 N. W. 1105, holding: ". . . it is essential that an express duty to perform the demanded act be imposed on the respondent by law, and that relators be without clear, adequate, and complete remedy by ordinary action. . . ."

[4] Sec. 70.57 (1), Stats., reads:

"(1) The department of revenue before September 15 of each year shall complete the valuation of the property of each county, city, village and town of the state. From all the sources of information accessible to it the department shall determine and assess the value of all property subject to general property taxation in each county, city, village and town. It shall set down a list of all the counties, cities, villages and towns, and opposite to the name of each county, city, village and town, the valuation thereof so determined by it, which shall be the full value according to its best judgment. There shall also be prepared a list of all the counties of the state, with opposite the name of each county the valuation thereof so determined, which shall be certified by the secretary of revenue as the assessment of the several counties of the state made by the department, and be delivered to the department of administration. In any case where the department, through mistake or inadvertence, has assessed to any county a greater or less valuation for any year than should have been assessed to such county, it shall correct such error by adding to or subtracting from (as the case may be) the valuation of such county as determined by it at the next succeeding county assessment, the amount omitted from or added to the true valuation of such county in the former county assessment in consequence of such error, and the result shall be taken as the full value of such county for the latter year and a final correction of such error."

There is no statute authorizing the department of revenue to do what plaintiff seeks to compel it to do, and, as the trial court correctly stated, "This court cannot direct or compel the Department to perform acts which it has no authority to do." Mandamus against the state department of revenue to compel it to rectify an error by adjusting future apportionments was properly denied.

*Mandamus against school district clerk.*

In the mandamus action against the clerk of the joint school district, the parties stipulated that ". . . the only issue presented to the court in this action is whether the defendant, Clerk of Joint School District No. 3, has a clearly described legal duty to make the adjustment provided by Section 120.76 of the Statutes in connection with apportioning the School District No. 3 school tax levy for the [year] 1971 to municipalities having territory within the school district." (Paragraph 10 of stipulation.) The trial court held that the statute, stipulated to be controlling, applied only to unified school districts, which the Middleton Joint School District No. 3 was not.

*Sec. 120.76, Stats.* Under the stipulation of the parties in this case, the "sole issue" is whether sec. 120.76 is applicable to common school districts, such as the Middleton Joint School District No. 3, or whether it applies only to unified school districts. This narrows the question to whether the reference in such statute to "the district" [5]

---

[5] Sec. 120.76, Stats., provides: "**Additional duties.** The taxes payable under s. 120.17 by each municipality included in *the district* shall each year be adjusted by addition or subtraction of a sum equal to the difference between the taxes payable by the municipality under that section for the previous year and the taxes which would have been payable had the basis therefor been equalized valuation based on the year of levy rather than the year prior thereto. The determination of the taxes payable for any year shall not include any adjustment under this section." (Emphasis supplied.)

is a reference to any school district—unified or common —or whether it refers only, as the trial court held, to unified school districts. First recourse in construing the meaning of a statute is to the language of the statute itself. Only where statutory language is ambiguous may a court look to extrinsic aids in interpreting the statute.[6] Plaintiff submits that the key phrase "the district" is a reference to taxes payable under sec. 120.17,[7] a statute applying to both unified and common school districts. Defendant counters that it is sec. 120.75 [8] that makes sec. 120.17 applicable to joint school districts by its reference to sec. 120.17, so we have no more than a reference in sec. 120.76 to a specific grant of powers and duties to unified school districts in the preceding section. We would hold that nothing in the exact words of sec. 120.76 illuminates whether the words "the district" refer only to unified or to unified and common school districts.[9] The phrase "the district" is less restrictive than the words "a unified district" and more limited than the words "any school district" would be, and we see resort to extrinsic evidence as required to resolve ambiguity.

---

[6] *Kindy v. Hayes* (1969), 44 Wis. 2d 301, 308, 171 N. W. 2d 324; *National Amusement Co. v. Department of Revenue* (1969), 41 Wis. 2d 261, 267, 163 N. W. 2d 625; *State ex rel. Neelen v. Lucas* (1964), 24 Wis. 2d 262, 267, 128 N. W. 2d 425.

[7] Sec. 120.17, Stats., in pertinent part, provides: "The school district clerk of a common or union high school district shall:"

[8] Sec. 120.75, Stats., in pertinent part, provides: "The public schools of a unified school district shall be under the management, control and supervision of a school board. The school board shall have the powers and duties under ss. 120.12 to 120.17, 120.19 to 120.22 and 120.58 . . . ."

[9] "A statute or portion thereof is ambiguous when it is capable of being understood by reasonably well-informed persons in either of two or more senses." *State ex rel. Neelen v. Lucas, supra,* at page 267, citing *State ex rel. West Allis v. Dieringer* (1957), 275 Wis. 208, 218, 81 N. W. 2d 533.

We turn first to the location or position of sec. 120.76, Stats., in relation to other sections dealing with school districts. The position of a section with reference to other sections may be considered in determining legislative intent.[10] Sec. 120.76 is in ch. 120, entitled "School District Government." The chapter has three subchapters. Subchapter I is entitled "Common and Union High School Districts." Subchapter II is entitled "City School Districts." Subchapter III is entitled "Unified School Districts." Sec. 120.76 is in subchapter III. Additionally, the first statute in each subchapter describes the type of school district to which the subchapter applies.[11] So we deal, not alone with the titles of the subchapters, but with their provisions. It is with the whole chapter that we deal in determining whether a phrase in a section of subchapter III refers to one type or all types of school districts.[12] Here the position of the statute with regard

[10] *Corstvet v. Bank of Deerfield* (1936), 220 Wis. 209, 220, 263 N. W. 687;. *Montreal Mining Co. v. State* (1913), 155 Wis. 245, 248, 144 N. W. 195. While titles to sections of a statute are not part of the statute (sec. 990.001 (6), Stats.), reference may be made to titles to resolve a doubt as to statutory meaning. 2 Sutherland, *Statutory Construction* (3d ed.), pp. 344, 345, sec. 4802; *Wisconsin Valley Improvement Co. v. Public Service Comm.* (1960), 9 Wis. 2d 606, 618, 101 N. W. 2d 798; *Federal Rubber Co. v. Industrial Comm.* (1924), 185 Wis. 299, 301, 201 N. W. 261.

[11] Sec. 120.001, the first section in subchapter I, states: "This subchapter applies to common and union high school districts." Sec. 120.40, the first section in subchapter II, states: "School districts operating under this subchapter are city school districts." Sec. 120.70, the first section in subchapter III, states: "This subchapter applies to unified school districts."

[12] "A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus it is not proper to confine interpretation to the one section to be construed." 2 Sutherland, *Statutory Construction* (3d ed.), pp. 336, 337, sec. 4703. *See also: Fuller v. Spieker* (1954), 265 Wis. 601, 603, 62 N. W. 2d 713.

to preceding statutes is indicative of legislative intent. Also, the division of the chapter into its three subchapters, and the statement in sec. 120.70 in subchapter III that "This subchapter applies to unified school districts," are strongly persuasive that the phrase "the district" in sec. 120.76 in such subchapter III refers to unified school districts only.

The legislative history of the specific statutory section involved supports the conclusion that it was legislatively intended to apply only to unified school districts.[13] Sec. 120.76, Stats., was created by ch. 490, Laws of 1969. The bill was entitled, "An Act to create 120.76 of the statutes, relating to statements of taxes due unified school districts by municipalities."[14] Such caption is indicative of the legislative intent.[15] The analysis of the bill by the legislative reference bureau,[16] stated: "This bill requires that the tax revenue required of a municipality *by a unified school district* be increased or decreased if the municipality paid less or more than its share the previous year. . . ." (Emphasis supplied.) The 1969 Assembly Journal and the committee on municipalities report and recommendation both describe sec. 120.76 as "relating to statements of taxes due unified school districts by municipalities."[17] The legislative history of the section supports the finding that sec. 120.76 was intended to apply solely to unified school districts.

[13] In construing an ambiguous statute, a court may turn to legislative history to aid its interpretation. *Beghin v. State Personnel Board* (1965), 28 Wis. 2d 422, 430, 137 N. W. 2d 29; *Scanlon v. Menasha* (1962), 16 Wis. 2d 437, 442, 114 N. W. 2d 791.

[14] 1969 Assembly Bill 828.

[15] *Prechel v. Monroe* (1968), 40 Wis. 2d 231, 237, 238, 161 N. W. 2d 373.

[16] Required by sec. 13.92 (1) (b) 2, Stats.

[17] 1969 Assembly Journal, p. 2391; 1969 Assembly Bulletin of Proceedings, pp. 483, 484.

*Constitutional rule of uniformity.*

The Wisconsin Constitution—art. VIII, sec. 1—provides: "The rule of taxation shall be uniform . . . ." On appeal, the plaintiff argues the applicability of this constitutional assurance to each of the two mandamus actions appealed. In the mandamus action against the state department of revenue, appellant contends that the constitutional provision "imposes a positive duty upon the department of revenue to avoid inequitable taxation." In the mandamus action against the school district clerk, the plaintiff argues that "the policy expressed" in the constitutional mandate "requires that sec. 120.76 be applicable to all school districts." The trial court held that the constitutionality of sec. 120.76, Stats., was "not before the court" and added, "The only possible constitutional question that could be presented by this case would be a question about sec. 120.17 (8)," concluding that, "There is nothing unconstitutional in respect to sec. 120.17 (8) and statutes *in pari materia* thereto."

*Sec. 120.17 (8), Stats.* Sec. 120.17 (8) (b), Stats., is in subchapter I of ch. 120, the subchapter that deals with common school districts, which the Middleton Joint School District No. 3 is one. It provides that when the equalized valuation of a municipality in such common school district is reduced in any one year to an amount below its equalized valuation of the previous year "because of the destruction or removal of taxable property which results in an excessively inequitable apportionment of the school district tax levy," the school district clerk shall notify the supervisor of assessments and the supervisor, if he finds that an inequitable apportionment will result, shall reduce the valuation of the previous year "by the full value of the property so destroyed or removed." [18]

_____

[18] Sec. 120.17 (8) (b), Stats., provides:

"(b) When the equalized valuation of that part of a municipality lying within the school district is reduced in any one year to an

The attorney general's brief contends that this statute refers only "to the 'physical' destruction or removal of property, caused by a fire or by a manufacturing plant leaving the district" and "probably does not refer to removals caused by annexations." We see no basis at all for that suggestion or conclusion, and see sec. 120.17 (8) (b) as applying to the situation where property is lost by a municipality in a common school district by annexation.

In the posture in which the cases reached him, it may not have been required of the trial court to give consideration to "whether or not sec. 120.17 (8) when considered with all other statutes *in pari materia* would be necessarily unconstitutional." In the mandamus action against the revenue department, as the trial court found it to be, this statute was inapplicable for the reason that the duties it prescribes are directed to the school district clerk and supervisor of assessments, not to the revenue department. In the mandamus action against the school clerk, the stipulation of the parties that the "only issue" was whether sec. 120.76, Stats., required the school district clerk to make an adjustment placed the applicability of sec. 120.17 (8) (b) outside the stipulated issue. However, on the constitutional challenge, the availability of the opportunity to correct an inequity in a common school district situation is material. For, essentially, what plaintiff is assuming is that if both the dead-end routes he pursued are closed to traffic there is no redress

amount below its equalized valuation of the previous year because of the destruction or removal of taxable property which results in an excessively inequitable apportionment of the school district tax levy on the remaining taxable property of the municipality, the school district clerk shall notify the supervisor of assessments. If the supervisor of assessments finds that an inequitable apportionment will result, he shall reduce the equalized valuation of the previous year by the full value of the property so destroyed or removed and certify the resulting equalized valuation to the state superintendent and the school district clerk for use in computing the tax levy certifications under this subsection."

to a municipality in a common school district in the situation in which the town of Middleton found itself. That does not follow. Taking a wrong road, even two wrong roads, does not establish that there were or are no other roads that lead to the desired destination. Subject to the conditions and time limits it prescribes, sec. 120.17 (8) (b) is a counterpart for common school districts to sec. 120.76 for unified school districts. Holding that sec. 120.17 (8) (b) is a legislatively provided avenue for the rectification of errors or inequities in property valuations in common school district situations makes it unnecessary to consider whether there is available a common-law action in the nature of contribution based on the concept of unjust enrichment that might be brought by the municipality in a common school district which sustained loss by reason of a mistaken valuation against the municipality in the district that benefited therefrom. It is enough here to find no constitutional infirmity in the trial court holding that sec. 121.06 did not grant the state department of revenue the authority to correct an inequitable assessment in a subsequent year and in the trial court holding that sec. 120.76 applies only to unified school districts in this state.

*By the Court.*—Judgments affirmed.