JAMES A. JUNG, Executive Secretary, Higher Educational Aids Board
You have requested my opinion with respect to whether or not certain categories of students enrolled in vocational, technical and adult education (VTAE) programs in area technical colleges are eligible for grants under the Wisconsin Tuition Grant Program set forth in sec. 39.30, Stats.
Subsections 39.30 (3)(e) and (j), Stats., provide a tuition grant to a student for any semester or term in the amount that the student's tuition or instruction-related fees exceed the resident fee at the Madison campus of the University of Wisconsin. You have indicated that in the past, students receiving grants under that section were students enrolled in private post-secondary institutions. More recently, as you indicate in your letter, there are at least two categories of students who are attending vocational-technical institutions who pay tuition charges in excess of that charged undergraduates at the University of Wisconsin at Madison.
Such students are eligible for grants under this program. Section 39.30 (2). Stats., makes any full-time resident student registered at an accredited nonprofit post high school, educational institution in this state eligible for grants under the program. Subsection 39.30 (1)(d), Stats., defines an accredited institution to include any institution accredited by a nationally recognized accrediting agency or if not so accredited, one whose credits are accepted on transfer by not less than three institutions which are so accredited. *Page 183 
Although your letter does not indicate the status of the various VTAE institutions with respect to accrediting, I have determined that the vocational, technical and adult educational institutions in this state are accredited by the North Central Accrediting Association of Secondary Schools and Colleges, which is a nationally recognized accrediting agency. In addition, I have also been advised that the credits of the VTAE institutions in this state are transferable to at least three accredited institutions within the meaning of the language of 39.30 (1) (d).
The vocational-technical institutions are also accepted by the United States Commissioner of Education as institutions of higher education for purposes of student loans within the meaning of sec. 39.32, Stats.
The vocational-technical institutions are established by district boards, are financed through a district tax levy and by fees and tuition under sec. 38.24, Stats. None of the schools operate to obtain a profit nor pay any dividends to any person. The fees and tuition are based upon a percentage of the combined estimated statewide operational costs of the various programs. Section 39.30 (2) limits the grants to students attending nonprofit institutions. In this case the vocational, technical and adult education schools are not engaged in a for profit enterprise of any sort and are nonprofit within the meaning of39.30 (2).
The language of the statute itself indicates clearly that a student at a vocational, technical and adult education institution which is accredited by a national accrediting party, as are all of the vocational, technical and adult institutions maintained under ch. 38, Stats., and who otherwise meets the eligibility requirements of sec. 39.30, is entitled to the grants provided for in that section.
You have indicated in your letter that the original intent of the Legislature at the time that the program was initially enacted in 1965 was to provide grants for students enrolled in private post-secondary institutions. As I have concluded that the statute is clear on its face and not ambiguous, it is inappropriate to look to extrinsic aids for interpreting the statute, Tanck v. Clerk, Middleton Jt. School Dist., 60 Wis.2d 294,210 N.W.2d 708 (1973).
Nevertheless, it is possible to accept the position that the initial intent of the Legislature in 1965 was to provide grants for students *Page 184 
enrolled in private institutions, without modifying my conclusion. In 1965 there was no general tuition requirement for students at a vocational-technical institution. Tuition charges applicable generally to the vocational-technical system were initially imposed by ch. 39, Laws of 1975. It is unlikely that the Legislature at that time would have anticipated that tuition charges at public vocational or technical colleges would exceed the charges at the University of Wisconsin at Madison. The apparent purpose of the Tuition Grant Program was to equalize, as much as possible, the student assistance structure and give each student equal freedom to attend any public or private institution. In the report of the Governor's Scholarship and Loan Committee dated May 25, 1965, the Committee notes that the purpose of the student grant program is to place the state in a substantially neutral position with respect to the student's choice of a school. Based upon the data and statistics available to the Committee at that time, the Committee had concluded that the cost of attendance at a private institution was in excess of the costs of attending a state institution and that the additional tuition costs were passed on to the students, thereby limiting their freedom to choose the particular institution that they wished to attend. It would be unreasonable to conclude that the Legislature intended to place the state in a neutral position with respect to students at private schools but did not intend to adopt a similar position of neutrality with respect to students attending public vocational-technical schools.
The true intention of the Legislature is primarily to be determined by reading the language chosen by the Legislature.State ex rel. Neelen v. Lucas, 24 Wis.2d 262, 128 N.W.2d 425
(1964). The primary purpose behind sec. 39.30, when it was initially enacted in 1965, may have been to provide tuition grants to private students. Both the language and the logic of the section are equally applicable to the present circumstance where students of public vocational-technical institutions are in essentially the same position as private school students were in 1965.
It is therefore my opinion that students attending state vocational, technical and adult institutions who meet the other requirements of sec. 39.30 are eligible for tuition grants under that section.
BCL:RDR *Page 185