VILLAGE OF SILVER LAKE, and another, Petitioners-Appellants, v. DEPARTMENT OF REVENUE, Respondent.

Court of Appeals

*No. 78–024. Argued December 13, 1978.—*
*Decided December 28, 1978.*
(Also reported in 275 N.W.2d 119.)

For the appellants the cause was argued by *John Zweig,* with whom on the briefs was *Godfrey, Neshek, Worth, Howarth, & Leibsle, S.C.* of Elkhorn.

For the respondent the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

Before Moser, P.J., Brown, J., and Bode, J.

MOSER, P.J. This is an appeal from an order entered January 30, 1978 affirming an order of the Wisconsin Tax Appeals Commission dismissing the appeals of the Village of Silver Lake and the Town of Randall for lack of jurisdiction.

In 1975, the assessments of municipalities in Kenosha County as established by the State Department of Revenue were.:

| Townships | 1975 Recommended Values |
|---|---|
| Brighton | 20,899,000 |
| Bristol | 61,050,000 |
| Paris | 32,710,000 |
| Pleasant Prairie | 165,563,000 |
| Randall | 47,098,000 |
| Salem | 88,459,000 |
| Somers | 96,697,000 |
| Wheatland | 32,843,000 |

| Villages | 1975 Recommended Values |
|---|---|
| Paddock Lake | 21,004,000 |
| Silver Lake | 15,166,000 |
| Twin Lakes | 63,115,000 |

| Cities | 1975 Recommended Values |
|---|---|
| Kenosha | 871,007,000 |

The appellants claim such assessments are in error by approximately 20% for the three larger municipalities in Kenosha County. They claim that these communities should be assessed as follows:

| | |
|---|---|
| Pleasant Prairie | 206,953,000 |
| Somers | 120,871,000 |
| City of Kenosha | 1,088,758,000 |

If these three communities were assessed at the higher values asserted by the appellants, they would bear 78.2% instead of 74.3% of the county's tax burden. All of the other townships and villages in the county, including the appellants, would bear a correspondingly smaller share of the taxes.

On March 1, 1976, the Wisconsin Department of Revenue denied the appellants' request for redetermination of the 1975 assessment pursuant to sec. 70.57, Stats., because it had no jurisdiction. The appellants appealed that determination to the Wisconsin Tax Appeals Commission. The Department of Revenue's motion to dismiss the appellants' petition to the Wisconsin Tax Appeals Commission was granted February 28, 1977 on the basis that the tax commission lacked jurisdiction over the appeal under sec. 73.01, Stats. The appellants appealed that decision to the circuit court for Kenoska County pursuant to ch. 227, Stats., for an order overruling the Wisconsin Tax Appeals Commission ruling. The circuit court dismissed

this appeal on January 30, 1978 on the basis that the Wisconsin Tax Appeals Commission had no jurisdiction under either sec. 73.01 or sec. 70.57, Stats.

The sole issue on this appeal is whether the Wisconsin Tax Appeals Commission had subject matter jurisdiction to hear a petition by a town or a village requesting a redetermination of the 1975 state tax assessment made by the Department of Revenue pursuant to sec. 70.57 and sec. 70.575, Stats.

The appellants are attempting to appeal the assessment by the Department of Revenue under sec. 70.57, Stats.[1]

[1] 70.57 **Assessment of counties by department.**

(1) The department of revenue before September 15 of each year shall complete the valuation of the property of each county, city, village and town of the state except that in counties having a county assessor system in which the county assessor is required under s. 70.99 (9m) to meet with the county board the value of each county, city, village and town shall be determined under sub. (4). From all the sources of information accessible to it the department shall determine and assess the value of all property subject to general property taxation in each county, city, village and town. It shall set down a list of all the counties, cities, villages and towns, and opposite to the name of each county, city, village and town, the valuation thereof so determined by it, which shall be the full value according to its best judgment. There shall also be prepared a list of all the counties of the state, with opposite the name of each county the valuation thereof so determined, which shall be certified by the secretary of revenue as the assessment of the several counties of the state made by the department, and be delivered to the department of administration. In any case where the department, through mistake or inadvertence, has assessed to any county a greater or less valuation for any year than should have been assessed to such county, it shall correct such error by adding to or subtracting from (as the case may be) the valuation of such county as determined by it at the next succeeding county assessment, the amount omitted from or added to the true valuation of such county in the former county assessment in consequence of such error, and the result shall be taken as the full value of such county for the latter year and a final correction of such error.

The Wisconsin Tax Appeals Commission, under its broad authority in sec. 73.01(4)(a) and (5)(c), Stats.,[2] has

(2) The department shall have the power to make such rules, orders and regulations for making and filing complaints by counties, the attendance of witnesses, the production of books, records and papers and the mode of procedure as may be deemed necessary, not inconsistent with the laws of the state.

(3) The department may direct that the fees for the attendance of witnesses and officers and other expenses for evidence be paid by the county making complaint to the department which is determined adversely to such county, as justice may require, and when such costs and fees are so directed to be paid by any county the amount thereof shall be certified to the secretary of administration to be apportioned to such county with the state taxes and be levied and collected upon the property of said county with said state taxes.

(4) The full value of all property subject to general property taxation as required in sub. (1) for counties having a county assessor system shall be determined by the department of revenue as follows:

(a) The full value of the taxable property in the county without regard to municipal boundaries shall be established for each class of property.

(b) The full value of the taxable property in the county in all classes shall be totaled and become the full value of all taxable property within that county.

(c) The full value of taxable property in each city, village and town within the county shall be the same percentage of the county's full value that its assessed value as fixed under s. 70.61 is of the total value determined under s. 70.61.

[2] 73.01(4) **Powers and Duties Defined.** (a) Subject to the provisions for judicial review contained in the statutes, the commission shall be the final authority for the hearing and determination of all questions of law and fact arising under the tax laws of the state, except such as may be otherwise expressly designated. Whenever with respect to a pending appeal there is filed with the commission a stipulation signed by the department of revenue and the adverse party, pursuant to s. 73.03(25), agreeing to an affirmance, modification or reversal of the department's position with respect to some or all of the issues raised in the appeal, the commission shall enter an order affirming or modifying in whole or in part, or canceling the assessment appealed from, or

jurisdiction to overrule the Department of Revenue and order it to redetermine the 1975 assessment for Kenosha County only if the department had jurisdiction to hear claims by towns and villages under sec. 70.57, Stats.

[1–3]

Administrative boards and commissions have no common law power. Their powers are limited by statute conferring such powers expressly or by fair implication.[3] It is the general rule that an agency or board created by the legislature only has the powers which are either expressly conferred or necessarily implied from the four corners of the statute under which it operates. The effect of this rule has generally been that such statutes are strictly construed to preclude the exercise of a power which is not expressly granted.[4] The question of administrative authority generally arises when boards or commissions have decided issues beyond their statutory authority. Here

---

allowing in whole or in part or denying the petitioner's refund claim, as the case may be, pursuant to and in accordance with the stipulation filed. No responsibility shall devolve upon the commission, respecting the signing of such order of dismissal as to any pending appeal settled by the department without the approval of the commission.

. . . .

(5)(c) Whenever an appeal is taken from any determination of the secretary of revenue under sub. (4)(a) and no other procedure for appeal is specified in ch. 73 or ch. 76, the person feeling aggrieved by such determination shall file with the clerk of the commission an original and 4 copies of petition for review within 30 days after such determination, but not thereafter, and the clerk of the commission shall forthwith transmit one of the copies to the secretary of revenue. The provisions of par. (a) shall apply in so far as the time for and service of an answer by the secretary of revenue is required and also with respect to the filing of a reply by the petitioner.

[3] *Nekoosa-Edwards Paper Co. v. Public Service Comm'n*, 8 Wis.2d 582, 593, 99 N.W.2d 821, 827 (1959).

[4] *Racine Fire & Police Comm'n v. Stanfield*, 70 Wis.2d 395, 399, 234 N.W.2d 307, 309 (1975).

the Department of Revenue has ruled that it lacks the statutory authority to address the appellants' claim. Our inquiry into statutory authority is the same in either situation.

In the case of a county having a county assessor system, such as Kenosha County, sec. 70.57(1) and (4), Stats., provides that the Department of Revenue shall determine the full value of the taxable property in the county without regard to municipal boundaries. Section 70.575, Stats., then provides that the assessment made by the department for each county in the state shall be added, and the total shall be known as the state assessment. Section 70.57(2), Stats., provides that the Department of Revenue shall set up rules, orders, and procedures to institute hearings on complaints of *counties*.

The construction of this statute urged by the appellants is that cities, towns, and villages, by implication, have the right to appeal to the State Department of Revenue. Clearly, from the four corners of sec. 70.57(2), Stats., the only proper party to appeal the 1975 assessment of Kenosha County made by the Department of Revenue is the county. Nothing in sec. 70.57(2), Stats., can be said to imply a right by cities, towns, and villages to appeal to the Department of Revenue. If the Department of Revenue entertained such appeals, it would be operating beyond those powers expressly conferred on it by the legislature since such exercise of alleged power must be strictly construed against the department.[5]

There is no authority in sec. 70.57, Stats., for a town, city, or village to appeal to the Department of Revenue for a redetermination of the 1975 assessments for Kenosha County. Since there is no authority for the Tax Appeals Commission under sec. 73.01, Stats., to order the Department of Revenue to do something it cannot

[5] 3 Sutherland, *Statutory Construction* §65.02 (4th ed. 1974).

do, the Commission has no jurisdiction to order the Department of Revenue to hear the appellants' claim. It follows that a court cannot order either the Department of Revenue to do an act not authorized by statute or the Tax Appeals Commission to hear a matter in which it has no jurisdiction.[6]

*By the Court.*—Order affirmed.

---

[6] *Tanck v. Clerk, Middelton Joint School Dist. No. 3,* 60 Wis.2d 294, 302, 210 N.W.2d 708, 712 (1973).