WISCONSIN DEPARTMENT OF REVENUE,
Petitioner-Respondent and Cross-Appellant,

v.

MILWAUKEE BREWERS BASEBALL CLUB,
Appellant and Cross-Respondent.†

Court of Appeals

*No. 81–1875. Submitted on briefs April 8, 1982.—Decided June 24, 1982.*
(Also reported in 322 N.W.2d 528.)

---

† Petition to review granted. ABRAHAMSON, J., took no part.

For the appellant and cross-respondent the cause was submitted on the briefs of *Ronald L. Walter* and *David A. Baker,* and *Foley & Lardner* of Milwaukee.

For the petitioner-respondent and cross-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general and *John J. Glinski,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.   The Tax Appeals Commission held that promotional items acquired by the Milwaukee Brewers Baseball Club for distribution to its customers at baseball games were not subject to the use tax.   The judgment of the circuit court reversed that decision and taxpayer appeals.   We hold that the use tax applies and affirm that part of the judgment.   The commission also held that the club's purchases of admission tickets were not subject to the use tax.   The circuit court affirmed that decision and the Department of Revenue cross appeals.   We hold that the use tax applies and reverse that part of the judgment.

The Milwaukee Brewers Baseball Club is a partnership with its principal place of business in Milwaukee.   It owns a professional baseball franchise.   During its fiscal years ending October 31 in 1971 through 1975, and between November 1 through December 31, 1975, the club purchased promotional items, such as baseball bats and jackets, from out-of-state vendors for about $243,000.   It transferred the promotional items to its customers in connection with the purchase of paid admission tickets to its home games in Milwaukee.   During the same periods, the club purchased printed tickets from out-of-state vendors for use in selling admissions to its Milwaukee games.   The tickets cost the club about $108,000 at a unit cost of one cent each.

The commission found that the promotional items and tickets were included in the price of admission and were not transferred by separate retail sales.   The commission also concluded that because a sales tax was paid on game admissions, and the admission price included the promotional items and tickets, no use tax liability was incurred.

Because the facts are undisputed, only questions of law are presented, and we may substitute our conclusions for those of the Tax Appeals Commission or the trial court. *Department of Revenue v. Bailey-Bohrman Steel Corp.*, 93 Wis. 2d 602, 606, 287 N.W.2d 715, 717 (1980).

We start with the purpose of the use tax: to prevent a buyer from avoiding sales tax in this state by purchasing goods in other states. The use tax supplements the sales tax by levying a tax on property purchased in another state for the storage, use or other consumption in this state of personalty or certain services, "the sale of which has not been reached by the sales tax." *Department of Revenue v. Moebius Printing Co.*, 89 Wis. 2d 610, 622, 279 N.W.2d 213, 218 (1979).

Spelled out, the statutory framework is as follows: Section 77.53 (1), Stats., levies a use tax on the storage, use or other consumption in this state of tangible personal property "purchased from any retailer." A "retailer," for our purposes, is defined by sec. 77.51 (7) (a) as "[e] very seller who makes any sale of tangible personal property . . ." "Sale" is defined by sec. 77.51 (4) as including "the transfer of the ownership of, title to, possession of, or enjoyment of tangible personal property or services for use or consumption *but not for resale* . . . ." (Emphasis added.) Consequently, if the taxpayer's acquisitions were "not for resale," and if the taxpayer stored, used or consumed the property in this state, then it is liable for a use tax.

## 1. *Promotional Items*

The club contends that a retail sale of its promotional items occurs when they are transferred to ticket holders. Because admission price to its games is taxed as a service under sec. 77.52 (2) (a) 2, Stats., and because promotional

items are tied to the price of admission, the club contends the promotional items are already subject to sales tax and should not be doubly taxed. It claims that the price of admission offsets the cost of the goods and their transfer is therefore a retail sale.

Section 77.51(24), Stats., provides, "With respect to the services covered by s. 77.52(2), no part of the charge for the service may be deemed a sale or rental of tangible personal property." The plain meaning of this provision is that no part of the Brewers' admission charge, for purposes of the sales or use tax, is allocable to a sale of the promotional items. The taxpayer contends that the purpose of sec. 77.51(24) is to prevent avoidance of a sales tax on a service rendered in connection with nontaxable personal property, a purpose not involved in this case because the service—admission to an athletic event—is taxable under sec. 77.52(2)(a)2. Perhaps a purpose of sec. 77.51(24) is as the club contends. The statutory language, however, is unambiguous as applied to the question before us. "When the statutory language is clear and unambiguous no judicial rules of construction are permitted, and the court must arrive at the intention of the legislature by giving the language its ordinary and accepted meaning." *State ex rel. Milwaukee County v. WCCJ*, 73 Wis. 2d 237, 241, 243 N.W.2d 485, 487 (1976).

Because sec. 77.51(24), Stats., prevents the club from characterizing transfer of its promotional products to a game patron as a sale of an admission plus a sale of a promotional item—a "two for one sale" as the club puts it—no resale occurs.

Nor does transfer of the promotional items result in a sales tax on those and therefore a double tax if a use tax is imposed on their acquisition. The sales and use taxes are separate and cover different events. *Moebius Print-*

*ing,* 89 Wis. 2d at 622, 279 N.W.2d at 218. The sales tax is on the sale of an admission, unaffected by the accompanied promotional item. The use tax is on the acquisition of the promotional items.

The club asserts tnat the transfer of promotional items to game patrons is nevertheless a retail sale because sec. 77.51(4)(k), Stats., recognizes that goods may be transferred as a part of the sale of a service. Section 77.51 (4)(k) includes the following within the definition of "sale," etc., as a transfer for use or consumption but not for resale:

> Any sale of tangible personal property to a purchaser even though such property may be used or consumed by some other person to whom such purchaser transfers the tangible personal property without valuable consideration, such as gifts, and advertising specialties distributed gratis apart from the sale of other tangible personal property or service.

Noting that sec. 77.51(4)(k), Stats., refers to goods transferred "gratis apart from the sale of other tangible personal property or service," the club finds a negative implication that promotional items may be tied to an admission price and resold. The claimed negative implication does not exist. The purpose of subsec. (4)(k) is to clarify that an acquisition of personal property is not for resale if it is acquired for the purpose of making a gift to a person who will be its ultimate user or consumer. In other words, a person who acquires property to give it away is a user or consumer as opposed to a reseller, and is liable for the use tax.

The term "promotional items" itself indicates that the club uses those items to enhance the attractiveness of its home games to baseball fans. Because the club purchased the promotional items for use in this state and not for resale, the use tax applies to those acquisitions.

## 2. *Tickets*

The trial court found that a ticket is part of an admission and is already subject to sales tax under sec. 77.52 (2), Stats. The department argues that, under sec. 77.51 (24), the one cent unit cost cannot be allocated to admission charge. We agree with the department. Despite the apparent identification of an admission ticket with an admission, and the small unit cost, a consistent interpretation of sec. 77.51 (24) requires us to assess the use tax against the cost of the tickets. Because a ticket is used by its vendor, as well as its purchaser, to identify its holder as having a right to watch a home game, the club must pay a use tax on the acquisition of the tickets.

The concern that imposing a use tax on the tickets results in a double tax is unwarranted. Under sec. 77.51 (24), Stats., the cost of the ticket is not included in the admission price.

*By the Court.*—Judgment reversed insofar as it affirmed the commission's decision that acquisition of tickets is not subject to a use tax and otherwise affirmed.