William A. MITCHELL, Petitioner-Appellant,

v.

Wisconsin DEPARTMENT OF REVENUE, Respondent.

Court of Appeals

*No. 81–2481. Submitted on briefs March 3, 1983.—*
*Decided April 26, 1983.*
(Also reported in 334 N.W.2d 276.)

For the petitioner-appellant the cause was submitted on the briefs of *Trebon & Schoenfeld* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *F. Thomas Creeron III,* assistant attorney general.

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

GARTZKE, P.J.  The taxpayer, William Mitchell, appeals from a judgment affirming a decision of the Wisconsin Tax Appeals Commission.  The commission denied Mitchell's application to set aside assessments of additional sales tax for 1974, 1975 and 1976.  The issues are whether Mitchell is entitled under sec. 77.51(11)(c)5, Stats. 1977, to a credit for the sales tax he paid when he purchased amusement machines against the sales tax he paid on the gross receipts from the use of the machines, and whether his later sale of the machines themselves is subject to the sales tax.  We conclude that he is not entitled to the credit and that the subsequent sale is subject to the tax.  We therefore affirm.

The facts are undisputed.  During 1974, 1975 and 1976 Mitchell operated Mitchell Vending Company.  He purchased coin-operated amusement machines, such as pool tables, pinball machines and jukeboxes.  He placed the machines in business establishments under agreements by which he owned, repaired and maintained the machines, collected the coins from them and paid the proprietors a percentage of the gross receipts.  In September 1976 Mitchell sold his business, including his machines.

Mitchell paid a sales tax when he purchased the machines.  He claimed a credit for the tax he paid on each machine against the sales tax due on the gross receipts from that machine.  He did not pay a sales tax on the sale price of his business.

In its assessment for 1975, the department disallowed Mitchell's claim for a $2,327.92 credit against a gross sales tax of $2,747.92.  The department disallowed a similar claim for a $3,218.74 credit for 1974, and imposed a $4,168 sales tax on Mitchell's sale of his business.  The

department denied Mitchell's petition for a redetermination, and the Tax Appeals Commission upheld that action. The circuit court affirmed the commission. This appeal resulted.

The scope of our review is identical to that of the circuit court under ch. 227, Stats. *Sanitary Transfer & Landfill, Inc. v. DNR,* 85 Wis. 2d 1, 12, 270 N.W.2d 144, 149 (1978). Because the facts are undisputed, only questions of law remain, and we may substitute our conclusions for those of the commission or the circuit court. *Revenue Dept. v. Milwaukee Brewers,* 108 Wis. 2d 553, 556, 322 N.W.2d 528, 529 (Ct. App 1982), *aff'd,* 111 Wis. 2d 571, 331 N.W.2d 383 (1983).

1. *Entitlement To Credit*

Mitchell claims a credit against the sales tax on his gross receipts (which he concedes is payable) for the sales tax he paid when he bought the machines on grounds that the sale to him was not at retail. He claims the credit under sec. 77.51(11)(c)5, Stats. 1977, which provides in relevant part:

[I]f a purchaser of tangible personal property . . . has reimbursed his vendor for sales tax on the sale to him and subsequently, prior to making any use of the property other than retention, demonstration or display while holding it for sale or rental, makes a taxable sale of such property, the tax due on such taxable sale may be offset by the tax reimbursed.

Mitchell argues that he purchased his machines to rent to the public. He asserts that people who pay to use his coin-operated amusement machines have "rented" the machines. A lease of tangible personal property is the equivalent of a sale. Sec. 77.51(4)(j), Stats. Accordingly, Mitchell contends he purchased the machines for resale, and that he may credit the sales tax he paid against the tax due on the gross receipts from such "rentals."

We reject Mitchell's contention that persons who pay to. use his machines have rented them. The sales tax applies to retail sales of tangible personal property and services. Sec. 77.52(1) and (2), Stats. Section 77.52(2) (a) provides in relevant part that the "tax imposed [under sec. 77.52(2)] applies to the following types of services: . . . 2. The sale of . . . the privilege of having access to or the use of amusement, entertainment, athletic or recreational devices or facilities." Section 77.51(24) provides that, "With respect to the services covered by s. 77.52(2), no part of the charge for the service may be deemed a sale or rental of tangible personal property."

Section 77.51(24), Stats., is unambiguous. *See Milwaukee Brewers*, 108 Wis. 2d at 557, 322 N.W.2d at 529 (plain meaning of sec. 77.51(24) is that no part of an admission charge to sports event is allocable to sale of promotional items). Its plain meaning in this context is that the users of Mitchell's coin-operated amusement machines do not rent them. Consequently, Mitchell did not purchase the machines for resale. Accordingly, he is not entitled to a credit or offset under sec. 77.51(11) (c)5, Stats. 1977, for the sales tax paid on those purchases against the sales tax due on the gross receipts from his machines.

Mitchell argues that our decision results in double taxation. On the contrary, because they apply to separate and different retail sales, secs. 77.52(2)(a)2 and 77.51 (24), Stats., do not produce double taxation. The sale of the machines to Mitchell was at retail and taxable because it was a sale of tangible personal property used and consumed in his business. The sale of the use of his amusement machines to the public was at retail and taxable because it was a sale of services.

We conclude that the circuit court properly affirmed the commission's conclusion that Mitchell was not entitled to a credit under sec. 77.51(11)(c)5, Stats. 1977.

### 2. Sale Of Business

The department assessed the sales tax on Mitchell's sale of his business because Mitchell held a seller's permit at the time of the sale. *See Midcontinent Broadcasting Co. v. Dept. of Revenue,* 98 Wis. 2d 379, 392–93, 297 N.W.2d 191, 198 (1980) (holder of seller's permit must surrender permit to avoid a sales tax on transfer of business assets).

Mitchell contends that his purchaser will use the machines as he had and that therefore the sale of the machines was not at retail and was not subject to the sales tax. Because in resolving the first issue we determined that a sale of amusement machines for the purpose of selling their use to the public constitutes a retail sale, we reject this contention.

*By the Court.*—Judgment affirmed.