Wisconsin DEPARTMENT OF REVENUE, Plaintiff-Appellant,

v.

FIRST NATIONAL LEASING CORPORATION, Defendant-Respondent.†

Court of Appeals

*No. 84–482. Submitted on briefs May 6, 1985.—*
*Decided July 16, 1985.*
(Also reported in 373 N.W.2d 71.)

For the appellant there were briefs by *Bronson C. La Follette,* attorney general, and *Alan Lee,* assistant attorney general.

For the respondent there was a brief by *Polacheck and Harris* of Milwaukee.

Amicus curiae brief of Badger Bearing Co. et al., by Gaar W. Steiner and Margaret Quinn Neimer of Michael, Best & Friedrich of Milwaukee.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.    The Wisconsin Department of Revenue appeals a circuit court judgment affirming an order by

---

† Petition to review denied.

the Tax Appeals Commission. The department contends that the commission lacked authority to grant relief from a stipulation made between the First National Leasing Corporation and the department. Because First National stipulated to the correctness of the assessment and did not timely appeal the stipulation, the commission improperly granted relief. We therefore reverse the circuit court's judgment affirming the commission's order.

On March 7, 1979, the department assessed delinquent taxes against First National after a field audit. First National petitioned the department for redetermination of the assessment on April 5, 1979. First National disputed liability for sales and use taxes assessed on equipment it leased to Sargento Cheese Company, Inc. First National and the department reached an agreement concerning the assessment on October 15, 1979. First National did not appeal the field audit assessment nor the stipulated settlement to the commission.

On May 30, 1980, the department cancelled an assessment of sales and use taxes against Sargento on the equipment leased from First National. The basis for the cancellation was that the lessee used the leased equipment in manufacturing. Equipment used in manufacturing is exempt from sales and use taxes. *See Wisconsin Department of Revenue v. Bailey-Bohrman Steel Corp.*, 93 Wis. 2d 602, 607, 287 N.W.2d 715, 718 (1980). First National already had paid sales and use taxes on the same leased equipment, pursuant to its previous stipulation. First National then filed an amended sales and use tax return seeking a refund of the taxes paid on the leased manufacturing equipment. The department denied a refund for taxes paid before the stipulation. First National petitioned for redetermination of this decision on June 18, 1980. The department denied the petition for redetermination on August 12, 1980.

First National appealed the denial of the redetermination to the commission on September 4, 1980. The de-

partment objected to the commission's jurisdiction because First National did not timely appeal the field audit determination. The commission ruled that it could grant relief from the stipulation because First National filed the petition for relief within one year of the stipulation. The commission relied on sec. 806.07(2), Stats., which provides that a circuit court may grant relief from a stipulation based on mistake if relief was sought within one year of the stipulation. The commission applied this rule because Wis. Admin. Code § TA 1.39 (1983) provides that the practice and procedures before the commission shall substantially follow the practice and procedures before circuit courts. Applying the sec. 806.07 rule, the commission ordered relief from the stipulation because First National and the department mistakenly believed that the leased equipment was subject to sales and use taxes. The department then sought judicial review of the commissions decision. The circuit court affirmed the commission's order.

The only issue is whether the commission may order relief from the stipulated settlement of tax liability. This is a question of law upon which we may substitute our conclusion for that of the commission or circuit court. *Mitchell v. Wisconsin Department of Revenue*, 113 Wis. 2d 138, 140, 334 N.W.2d 276, 278 (Ct. App. 1983). We note that the commission has no common law powers. *See Village of Silver Lake v. Wisconsin Department of Revenue*, 87 Wis. 2d 463, 468, 275 N.W.2d 119, 122 (Ct. App. 1978). It has only the powers that are either expressly conferred or necessarily implied from the four corners of the statutes under which it operates. *Id.* Such statutes are strictly construed to preclude the exercise of powers not expressly granted. *Id.*

Section 77.59(2), Stats., provides that the department's field audit determination becomes final at the expiration of the appeal periods in subsection (6), and

the tax liability of the taxpayer may not be subsequently adjusted except in cases of fraud. Section 77.59(6), Stats., provides that the department's determination is final unless the taxpayer petitions the department for a redetermination within sixty days. Section 77.59(6) (a), Stats., provides that a redetermination becomes final after sixty days unless the taxpayer appeals to the commission. Finally, sec. 77.59(6)(c), Stats., provides that a taxpayer may pay any portion of a deficiency determination admitted to be correct, and the payment shall be considered an admission of the validity of that portion of the deficiency determination and may not be recovered in an appeal.

We conclude that the commission lacked authority to grant relief from the stipulation. First National timely petitioned the department for a redetermination of the field audit determination, thereby preventing it from becoming final. The subsequent stipulation, however, constituted an admission by First National of the validity of the taxes assessed and subsequently collected. As a result, First National is prevented by sec. 77.59(6)(c) from recovering the taxes agreed to in the stipulation. Moreover, even if we consider the stipulation to be an appealable redetermination, First National did not appeal that decision within sixty days. The assessment therefore became final, and the commission lacked authority to later order a refund.

*By the Court.*—Judgment reversed.