# SHARON INTERSTATE GRAIN, INC., Plaintiff-Appellant,

## v.

# TOWN OF SHARON, Defendant-Respondent.

Court of Appeals

*No. 88–0403. Submitted on briefs November 18, 1988.—Decided January 18, 1989.*

(Also reported in 436 N.W.2d 887.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Catherine M. Rottier* and *James F. Lorimer* of *Boardman, Suhr, Curry & Field,* of Madison.

On behalf of the defendant-respondent the cause was submitted on the brief of *David J. Nommensen* of *Seymour, Kremer, Nommensen & Morrissy,* of Elkhorn.

On behalf of the Wisconsin Department of Revenue an amicus curiae brief was filed by *Donald J. Hanaway,* attorney general and *F. Thomas Creeron III,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Sharon Interstate Grain, Inc. (Interstate) appeals from an order dismissing its claim against the Town of Sharon (the town) for a refund of property taxes, pursuant to sec. 74.73(lr), Stats.

(1985–86).[1] Interstate claims that its property should have been classified by the Wisconsin Department of Revenue (the department) as manufacturing property under secs. 70.995 and 70.11(27), Stats. The trial court ruled that all objections to the taxability of property under the manufacturing property assessment statute must be reviewed first by the state board of assessors (the board) with review thereafter lying exclusively with the Wisconsin Tax Appeals Commission (the commission). Therefore, the court concluded that it lacked subject matter jurisdiction to review Interstate's claim. We agree and affirm the trial court's dismissal of Interstate's action.

Interstate owns real estate in the town, where it engages in the business of drying grain. On February 28, 1986, Interstate requested that the department classify it as a manufacturer for property tax purposes. The department denied the request and informed Interstate that it therefore did not have to file the standard manufacturing property report forms described in sec. 70.995(12)(a), Stats. However, this denial was not accomplished by a formal notice of assessment contemplated by sec. 70.995(8)(b).

Because of this denial, all of Interstate's machinery, land and improvements continued to be assessed by the town in 1986. Interstate paid that year's taxes under protest. Interstate then filed a timely claim with the town for a refund of the taxes paid. The town disallowed the claim. Interstate then commenced this circuit court

[1]Section 74.73(lr), Stats. (1985–86), has been repealed and recreated effective January 1, 1989. Secs. 75, 182, 1987 Wis. Act 378. The provisions of sec. 74.73(lr), Stats. (1985–86), are now contained in sec. 74.35(2)(a), (3)(c), (3)(d), (4) and (5)(a), Stats. All references in this opinion to sec. 73.74(lr), Stats., are to sec. 73.74(lr), Stats. (1985–86).

action pursuant to sec. 74.73(lr), Stats., against the town. This statute allows an aggrieved taxpayer to recover an "unlawful tax." *Id.* Interstate claimed that the department should have classified it as a manufacturer for property tax purposes, thus entitling its property to exempt tax status pursuant to sec. 70.11(27), Stats. Interstate appeals the order. At this court's invitation, the department submitted an amicus curiae brief.

On appeal, Interstate contends that the statutes do not provide an avenue for administrative review of the department's refusal to classify Interstate's property as exempt under secs. 70.11(27) and 70.995, Stats. Therefore, Interstate argues, its only recourse was to file its claim in circuit court seeking a refund of the "unlawful" tax pursuant to sec. 74.73(lr), Stats. Interstate relies on the language of sec. 70.995(8)(c) and (d), and this court's decision in *G. Heileman Brewing Co. v. City of La Crosse,* 105 Wis. 2d 152, 312 N.W.2d 875 (Ct. App. 1981), in support of its argument.

Section 70.995, Stats., classifies certain real estate and personal property as "manufacturing property" and provides for the assessment of that property by the department. Section 70.11(27), Stats., in turn exempts some manufacturing property from assessment and taxation.[2] In *Heileman,* we addressed the question of whether the circuit court had subject matter jurisdiction to determine if property was exempt under sec.

---

[2]Section 70.11, Stats., provides in part:

Property exempted from general property taxes is:

. . . .

(27) **MANUFACTURING MACHINERY AND SPECIF-IC PROCESSING EQUIPMENT.** Manufacturing machinery and specific processing equipment, exclusively and directly used by a manufacturer in manufacturing tangible personal property.

70.11(27). *Heileman,* 105 Wis. 2d at 155–56, 312 N.W.2d at 877. At the time *Heileman* was decided, the commission's jurisdiction was limited to hearing objections to the "amount or valuation" of property pursuant to sec. 70.995. Sec. 70.995(8)(c), Stats. (1981–82); *Heileman,* 105 Wis. 2d at 157, 312 N.W.2d at 877–78. We concluded that "amount or valuation" did not encompass a determination of whether property was exempt under sec. 70.11(27), and that the commission therefore did not have subject matter jurisdiction over Heileman's claim. *Heileman,* 105 Wis. 2d at 158–59, 312 N.W.2d at 878–79.

In response to the *Heileman* decision, the legislature amended sec. 70.995(8), Stats. (1981–82), to expand the board's reviewing powers to questions of "taxability." Secs 1220–22, 1985 Wis. Act 29. Section 70.995(8) now reads in relevant part:

> (8)(a)  ... the state board of assessors shall investigate any objection filed under par. (c) or (d) if the fee under that paragraph is paid....
>
> (b)   The department of revenue shall annually notify each manufacturer assessed under this section ... of the full value of all real and personal property owned by the manufacturer. The notice shall be in writing ... [and] shall specify that objections to valuation, amount or *taxability* must be filed with the state board of assessors within 60 days of the issuance of the notice of assessment ....
>
> (c)   All objections to the amount, valuation or *taxability* of real or personal property shall be first made in writing on a form prescribed by the department of revenue and shall be filed with the state board of assessors within the time prescribed in par. (b). A $45 fee shall be paid when the objection is filed ....

(d)   A municipality may file an objection with the state board of assessors to the amount, valuation or *taxability* under this section of a specific property having a situs in the municipality, whether or not the owner of the specific property in question has filed an objection. [Emphasis added.]

The parties and the department do not disagree about the interpretation of this amended statute. They do disagree as to whether it applies in this case.

Interstate argues that despite the amendment, the statute still does not give the commission subject matter jurisdiction to review the taxability of property when the department refuses to assess in the first place. Interstate points out that the statute only gives a taxpayer standing to object *after* the taxpayer has filed the requisite reporting forms (sec. 70.995(12)(a); Stats.), and the department has, in response, issued its notice of assessment (sec. 70.995(8)(b)). Since the department has declined Interstate's offer to file the informational forms and has refused to issue a notice of assessment, Interstate contends that it cannot be held to the procedural requirements of sec. 70.995 which would eventually place the matter before the board and thereafter before the commission. Rhetorically, Interstate inquires how it can be held to file a written objection within sixty days to a notice of assessment which has never been issued. Thus, Interstate reasons that sec. 70.995 does not apply to this case, and its circuit court action to recover the "unlawful" tax pursuant to sec. 74.73(lr), Stats., is the only available remedy.

■

Whether a statute applies to a given set of facts presents a question of law which we decide independently without deference to the trial court's decision.

*State ex rel. Lank v. Rzentkowski,* 141 Wis. 2d 846, 851–52, 416 N.W.2d 635, 636–37 (Ct. App. 1987).

The board and the commission are agencies created by the legislature. As such they have only those powers which are expressly conferred upon them or can be implied from the statute under which they operate. *Village of Silver Lake v. Department of Revenue,* 87 Wis. 2d 463, 468, 275 N.W.2d 119, 122 (Ct. App. 1978). Whether the board initially and the commission thereafter have the power to determine a question of taxability under the manufacturing property statute thus presents a question of statutory interpretation. This also is a question of law to which we apply an independent standard of review. *State v. Gavigan,* 122 Wis. 2d 389, 391, 362 N.W.2d 162, 164 (Ct. App. 1984).

In construing sec. 70.995, Stats., we are to give effect to the intent of the legislature. *See Marshall-Wisconsin Co. v. Juneau Square Corp.,* 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987). First, we must look to the language of the statute itself in determining intent. *Id.* If the meaning of the statute is plain, we are prohibited from looking beyond the language of the statute to ascertain its meaning. *Id.* The plain meaning of sec. 70.995(8)(c) is that all objections to the taxability of property under the manufacturing property statute must be raised before the board. "Taxable" means that an item is capable of or subject to taxation. *American Bankers Ins. Co. v. United States,* 265 F. Supp. 67, 73 (S.D. Fla. 1967), *aff'd,* 388 F.2d 304 (5th Cir 1968). The objection to taxability of property contemplated in sec. 70.995(8) therefore necessarily includes all objections to the determination of taxability—*including non-taxability*—made by the department.

Interstate apparently does not dispute this interpretation. Its argument relies rather on the limiting effect of sec. 70.995(8)(b), Stats., on the board's authority to review. Under the statute, all objections to the taxability of property must be made to the board within the time prescribed in subsec. (b). Sec. 70.995(8)(c). Subsection (b) requires that the objection be filed within sixty days of the department's notice of assessment. Furthermore, this notice must inform the property owner of his or her appeal rights as to the valuation, amount or taxability determination made by the department. Interstate never received a notice of assessment from the department. Therefore, Interstate claims that it does not have a document from which to appeal to the board or gauge the date from which the sixty days begin to run.

The department does not dispute the fact that Interstate never received a notice of assessment pursuant to sec. 70.995(8)(b), Stats. The department also acknowledges that Interstate did not file the standard manufacturing report form required by sec. 70.995(12(a) because of misinformation provided to Interstate by a department employee. However, subject matter jurisdiction is conferred only by the statutes or constitution of this state. *Carlson v. Jones,* 147 Wis. 2d 630, 635, 433 N.W.2d 635, 637 (Ct. App. 1988). A department employee cannot create subject matter jurisdiction in a circuit court where such jurisdiction does not otherwise exist.

If the department improperly withheld the reporting forms from Interstate or otherwise improperly refused to issue the notice of assessment, Interstate could have pursued a mandamus action against the department. *See State ex rel. Hurley v. Schmidley,* 48 Wis. 2d 659, 662–63, 180 N.W.2d 605, 606 (1970). The

department asserts that if such an action were successful, it would have issued the assessment described in sec. 70.995(8)(b), Stats., thereby enabling Interstate to proceed to the board, the commission, and ultimately, the courts.

The department states in its amicus brief that it does not seek to put Interstate to this added litigation in order to secure a hearing on its claim. Given the unique circumstances present in this case, the department takes the position that the most appropriate course of action is for us to remand this case to the board with instructions to treat the town's assessment as if it had been made by the department and timely objected to by Interstate. Such a procedure would allow Interstate to avail itself of its right to a hearing, while simultaneously enabling each administrative tribunal to act within the bounds of its statutory jurisdiction.

The logic and fairness of the department's proposal is self-evident. We conclude, however, that we have no authority to order the board to take jurisdiction over a matter which is not commenced pursuant to the procedural requirements of the statutes. Our mandate is accordingly limited to an affirmance of the trial court's order dismissing Interstate's action. We do, however, suggest that the parties seek to put the matter before the board by appropriate stipulation or other proceeding. Absent such agreement, Interstate must look to its other legal alternatives.

*By the Court.*—Order affirmed.