KREMBS, Appellant, vs. CITY OF MERRILL, Respondent.

*February 13—March 11, 1924.*

*Taxation: Shares in national bank: Action for refund: Appearance before board of review: When necessary: Failure to separately assess shares: Irregularity: Effect on tax: Pleading: Complaint: Sufficiency.*

1. The fact that sec. 70.31, Stats., requiring a separate assessment of each owner's stock in a national bank, was not observed, although an irregularity, did not invalidate the tax; and an action under sec. 74.73, Stats., to recover taxes paid cannot be maintained on the ground alone of an irregularity in the assessment of the tax. p. 244.
2. The board of review cannot pass on the taxability of property except, perhaps, in a *prima facie* way by putting it on the tax roll. p. 245.

[3. Whether, under sub. (6), sec. 70.47, Stats., the failure of the owner of shares of stock in a national bank to appear personally or by agent before the board of review bars him from maintaining an action to recover taxes paid under protest on said stock, not decided.]    p. 245.

4. Where neither the amount of the tax nor the value of the property taxed is disputed, and the only question is the taxability of property, sub. (6), sec. 70.47, Stats., making appearance and objection before the board of review a condition precedent to an action or proceeding to question the amount or valuation of the personal property assessed, does not apply. p. 245.

5. In this state every intendment in favor of the pleader is indulged in.    p. 246.

6. In an action to recover taxes on national bank stock, a complaint alleging that the taxes were illegal under sec. 5219 of the federal statutes (U. S. Comp. Stats. sec. 9784), which provides that taxation of national bank stock shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of the state, states a cause of action, though not alleging that capital taxed at a lower rate came into competition with that of the bank, the phrase "other moneyed capital" as used in the complaint meaning capital coming into competition with that of the bank.    p. 247.

APPEAL from an order of the circuit court for Lincoln county: E. C. HIGBEE, Judge.  *Reversed.*

Action to recover the amount of taxes paid under protest on United States national bank stock on the ground that the stock was illegally taxed.  The defendant entered a general demurrer to the complaint, which the court sustained.

The complaint alleged that all the stock was assessed to the bank and not to each individual owner as the statute requires, and it contained no allegation that the bank or any owner of stock appeared before the board of review to object to the illegality of the tax.  In addition to other formal and necessary allegations the complaint alleged:

"Plaintiff alleges that said pretended taxes collected from him as aforesaid are illegal and void by reason of the facts hereinbefore alleged and by virtue of sec. 5219 of the Revised Statutes of the United States, which provides that the taxation of national bank stock shall not be at a greater rate

than is assessed upon other moneyed capital in the hands of individual citizens of this state.

"Plaintiff alleges that on May 1, 1921, and thereafter throughout the year 1921, there was a very large and substantial amount of moneyed capital other than shares of stock in banks and banking associations organized under the authority of the laws of the state of Wisconsin or of the acts of Congress of the United States in the hands of individual citizens of said state and of said city; that the said taxation of said shares of stock in said bank was at a substantially greater rate and at a rate greatly in excess of any tax assessed upon such other moneyed capital in said state for said year; that the taxation of shares of stock in all national banking associations, in said state, for said year, was at a substantially greater rate and at rates greatly in excess of any tax assessed upon such other moneyed capital in said state and city; that large and substantial portions of such other moneyed capital were wholly freed from any taxation for said year in said state and city; and that in truth and in fact no part thereof was assessed or taxed or attempted to be assessed or taxed as of May 1, 1921, or for the year 1921, at any rate whatever."

The plaintiff sued on a cause of action arising out of the taxation of his own bank stock, and also on 129 causes of action assigned to him by other stockholders.

From an order sustaining the demurrer the plaintiff appealed.

For the appellant there was a brief by *J. & M. Van Hecke* of Merrill, and oral argument by *John Van Hecke.*

*Ralph E. Smith,* city attorney, and *Edward M. Smart* of Milwaukee, of counsel, for the respondent.

In support of appellant's position there were briefs by *Miller, Mack & Fairchild* of Milwaukee, attorneys for the First Wisconsin National Bank of Milwaukee, as *amici curiæ,* and oral argument by *Arthur W. Fairchild.*

VINJE, C. J. Sec. 70.31, Stats., requires a separate assessment of each owner's shares of stock on the tax roll. This

was not done. The total number of bank shares, 1,000, were valued together and assessed at $100,000. But such irregularity in the assessment did not affect the groundwork of the tax or operate to do injustice to any one. The assessment was easily separable, and plaintiff in bringing his action for a refund has found no difficulty in arriving at the correct amount of the assessment of the stock he represents. Such mere irregularity in the assessment does not invalidate the tax. An action under sec. 74.73, such as is this, cannot be maintained on the ground alone of an irregularity in the assessment of the tax; inequity must be shown. The latter part of the section reads:

"Provided, however, that no claim shall be allowed and no action shall be maintained under the provisions of this section unless it shall appear that the plaintiff has paid more than his equitable share of such taxes."

Does the failure of the plaintiff or of any one in his behalf to appear before the board of review bar him from maintaining the action? Sub. (6), sec. 70.47, reads:

"No person shall be allowed in any action or proceeding to question the amount or valuation of personal property assessed to him unless in person or by agent he shall have first presented his objections thereto before the board of review of the district in which such assessment was made and in good faith presented evidence to such board in support of such objections and made full disclosure before said board, under oath, of all his personal property liable to assessment in such district and the value thereof, except when prevented from making such presentation and disclosure by omission of duty on the part of the assessor, of such board."

A strong argument is made that the provisions of the section quoted do not apply to bank stock at all because a separate scheme of assessment is provided for it in the statute, and because of the doubt expressed in *State ex rel.*

*Second Ward Sav. Bank v. Leuch,* 155 Wis. 493, at p. 497 (144 N. W. 1119), where it is said:

"It may well be doubted whether this section applies to the assessment of bank stock at all, because that assessment must be made at the home of the bank, which is often at great distance from the home of the stockholder, and it would be manifestly very burdensome, if not unreasonable, to require such a stockholder to travel to the assessment district where the bank is located and there submit to examination."

We prefer to let the question suggested remain for future determination, as it is not involved in this case. Here it is not a question as to the amount or value of the stock, but of its taxability—a question the board of review cannot settle or pass upon. Upon examining the powers of the board of review as defined by statute, it will be seen that they are limited to an examination and correction of the amount of property, of its description, of its value as found on the tax roll, and the addition thereto under certain conditions of omitted property. The board cannot pass upon the taxability of property, except perhaps in a *prima facie* way by putting it on the tax roll.

It will be seen that sub. (6), sec. 70.47, is limited to the case where the amount or valuation of the property is in question. That must be first called to the attention of the board of review because it passes upon those questions. Here neither the amount nor the value is disputed, but only the question of the taxability of the property. In such case the statute does not apply. Should the owner of bank stock claim he owns less than what is assessed to him, or that the stock is of less than the assessed value, the question of whether he must first appear before the board of review before he can maintain an action to contest the validity of the tax thereon is left open.

The plaintiff claims that sec. 5219 of the United States

Statutes has been violated in the assessment of his bank stock. The section reads:

"Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located; but the legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by nonresidents of any state shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county, or municipal taxes, to the same extent, according to its value, as other real property is taxed."

This section has been construed by the federal courts to mean that it applies only in cases where other money capital in the hands of individual citizens of such state comes in competition with the capital of the bank, and it is urged by the defendant that since the complaint does not allege that the money capital mentioned comes in competition with the bank's capital it therefore fails to state a cause of action because such fact must be proved in order to maintain the action. *Merchants' Nat. Bank v. Richmond,* 256 U. S. 635, 41 Sup. Ct. 619, 65 Lawy. Ed. 1135. It is the unquestioned federal law that it must be made to appear by proof that the money capital in the hands of individual citizens of the state which is being taxed at a lower rate, or escapes taxation altogether, comes into competition with the bank's capital before a cause of action is established. But the necessity of such proof does not necessarily negative the sufficiency of the complaint.

In our state every intendment in favor of the pleader is indulged in, and not against the pleader, as in some states.

The statute uses the words "other moneyed capital in the hands of individual citizens of such state." This, as before stated, has been construed to mean money capital coming in competition with that of the bank. If the words have that meaning in the statute, we see no reason why we should not, under our liberal rules for the construction of pleadings, give them the same meaning in a complaint based upon the statute. So construed, the words oft used in the complaint, "other moneyed capital," mean capital coming in competition with that of the bank. Even in criminal cases a plea in the language of the statute is sufficient. Sec. 4669, Stats. We therefore conclude that the complaint states a cause of action and that the demurrer thereto was improperly sustained.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the demurrer and for further proceedings according to law.