Interstate Department Stores, Inc., Appellant, vs. Henry, State Treasurer, Respondent.

*March 8—April 7, 1937.*

For the appellant there was a brief by *Wurster & Schein-feld,* and oral argument by *Elmer L. Winter* and *William B. Collins,* all of Milwaukee.

For the respondent there was a brief by the *Attorney General, L. E. Vaudreuil,* deputy attorney general, and *Leonard C. Fons* of Milwaukee, special counsel, and oral argument by *Mr. Vaudreuil* and *Mr. Fons.*

FAIRCHILD, J.   Sec. 1 (9), ch. 469, Laws of 1933, provides:

". . . But the aggrieved taxpayer shall pay the tax as and when due and if paid under protest . . . sue the state treasurer in an action at law to recover the tax so paid. . . ."

The contention that sub. (9) was erased from the statutes by the ruling in *Ed. Schuster & Co. v. Henry,* 218 Wis. 506, 261 N. W. 20, declaring taxation under that chapter and section to be unconstitutional, is not sustained.   Sub. (9) contains a complete method for the restoration to a taxpayer of his property if he is in a position to make the demand. It is a complete enactment under the rules usually applied to legislation, parts of which may be severed from other parts. A provision for refunding the tax in case of its invalidity would logically survive after the tax has been determined to be invalid.

It has been held that a statutory method of this sort for preserving the right to recover an invalid tax once paid is not exclusive of the common-law right to recover it where it was paid under compulsion.   *Ward v. Board of Commissioners of Love County,* 253 U. S. 17, 40 Sup. Ct. 419; *Carpenter v. Shaw,* 280 U. S. 363, 50 Sup. Ct. 121; *Security Nat. Bank v. Young* (C. C. A.), 55 Fed. (2d) 616.   Even under this view, plaintiff may not sustain his action.   A pay-

ment is not necessarily made under compulsion because made unwillingly. All tax payments are presumed to be voluntary until the contrary is made to appear, and it is settled that if the payment of a tax is a voluntary payment, it cannot be recovered except under a statute which operates regardless of whether the payment is voluntary or compulsory. *Beck v. State*, 196 Wis. 242, 219 N. W. 197. See 3 Cooley, Taxation (4th ed.), p. 2561, § 1282. Sub. (9) provides a way in which the taxpayer may readily prove the involuntary character of his payment by registering a protest at the time of payment. Where he has not taken advantage of this method, as here, his failure to protest itself might be regarded as an indication of voluntary payment, but in any event a sufficient complaint must allege facts indicating a resistant attitude and circumstances capable of overcoming that attitude. The facts of decided cases differ widely and Judge Cooley in his work on taxation says:

"The courts have not attempted to lay down any definite and exact rule of universal application to determine whether a payment is voluntary or involuntary." 3 Cooley, Taxation (4th ed.), p. 2566, § 1283.

Here there is no allegation of threatened proceedings against plaintiff or its property. Plaintiff's contention that its payment was compelled by a contemplation of penalties provided in case of delayed payment is not sound. There was provided no imminent penalty other than interest except for failure to make a report or making a fraudulent report. Sec. 1 (7), ch. 469, Laws of 1933, and sec. 71.09, Stats. The situation is not akin to that considered in *Union Bag & Paper Corp. v. State,* 160 Wash. 538, 295 Pac. 748, 74 A. L. R. 1295, where nonpayment would have forced taxpaying corporation to discontinue business in the state or be liable to heavy civil and criminal penalties.

In the complaint in this case, there is no suggestion of antagonism to the tax on the part of the taxpayer at the time

of payment; the allegations do not go further than to set out the law and allege that the penalties were heavy and because thereof the money was paid. This does not make a case of involuntary payment. The trial court properly sustained the state's demurrer.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.