DIEHL and others, Appellants, v. DUNN and another, Respondents.

*March 8—April 4, 1961.*

The cause was submitted for the appellants on the brief of *William C. Dineen* of Milwaukee, and for the respondents on the brief of *Kenney, Korf & Pfeil* of East Troy.

DIETERICH, J.   The defendant, Edward F. Dunn, Jr., on January 12, 1955, owned and operated a lumber, fuel, and coal yard on his premises located in Goodsell's subdivision in the city of Lake Geneva. The city prior to the year 1955, adopted a comprehensive zoning ordinance referred to as ordinance No. 237. The ordinance divided the city of Lake Geneva into six districts, one of which is designated as "light industrial." The lumber, fuel, coal yard, and ready-mix plant are located in that district. The practice adopted by the city of Lake Geneva in granting building permits under the ordinance is for the common council to issue them. On January 12, 1955, Dunn applied for a permit to build upon these premises a ready-mix cement plant and in connection with the application presented a blueprint and made a full disclosure as to the purposes and use of the premises.

The common council issued a building permit to Dunn in 1955, and he commenced operation of the ready-mix plant on May 11, 1955.

The plaintiffs thereafter protested to the common council and continued their protests from time to time, and although such protests were made, the common council subsequently on September 12, 1956, issued to Edward F. Dunn, Jr., upon his application, a permit to construct a boiler room to be used in connection with the ready-mix plant.

Sec. IX of the zoning ordinance of the city of Lake Geneva, entitled "Light Industrial District," sets forth in its opening paragraph the following:

"In the light-industrial district, no building or premises shall be used and no building shall hereafter be erected or structurally altered, unless otherwise provided in this ordinance, except for one or more of the following uses: . . ."

Twenty various uses are listed in sec. IX of the ordinance, some of which involve manufacturing, but there is no listing of a cement-mixing plant.

Sec. X of the zoning ordinance is entitled "Heavy Industrial District," and provides:

"In the heavy-industrial district, unless otherwise provided in this ordinance, buildings or land may be used for any purpose except the following: . . ."

Under sec. X, any use is proper excepting those specifically excluded. A ready-mix plant is not excluded under the provisions of this section.

The plaintiffs are residents and property owners who live in the immediate neighborhood of the ready-mix cement plant and commenced this action for injunctional relief on September 4, 1958, pursuant to provisions of sec. 62.23 (8), Stats. 1955. [1]

In support of their relief it is the plaintiffs' contention that the common council of Lake Geneva in 1955, in violation of the zoning laws of the city of Lake Geneva issued an invalid permit to Edward F. Dunn, Jr., for the construction of the ready-mix cement plant and again on September 12, 1956, when it issued a permit and authorized the construction of a boiler room to be erected in connection with the operation of the plant.

The evidence in the instant case is not before this court. No bill of exceptions having been settled, the issue then resolves itself as to whether the findings of the trial court sustain the judgment. If they do, the judgment must be

---

[1] ". . . In case any building or structure is or is proposed to be erected, constructed, or reconstructed, or any land is or is proposed to be used in violation of this section or regulations adopted pursuant thereto, the building inspector or the city attorney or any adjacent or neighboring property owner who would be specially damaged by such violation, may, in addition to other remedies provided by law, institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent or enjoin or abate or remove such unlawful erection, construction, or reconstruction."

affirmed. We have taken judicial notice of ordinance No. 237.[2]

The defendants contend that the plaintiffs as aggrieved parties should have been required to take the matter before the board of appeals provided for in the zoning ordinance before seeking the trial court's aid. This contention bears no merit. The statute recognizes the right of a private citizen who would be specially damaged to apply to the court directly under sec. 62.23 (8), Stats. 1955, *supra.*

The trial court's findings of fact are as follows:

"3. That on January 13, 1955, Dunn applied for a permit to build upon these premises a ready-mix cement plant.

"4. That at said time the city of Lake Geneva had a zoning ordinance referred to as Ordinance 237, and the premises owned by Dunn were situate within an area denominated as light-industrial area.

"5. That the city council of Lake Geneva had theretofore designated the city council as the administrative agency for the issuance of building permits. . . .

"9. That on January 13, 1955, the city council granted and issued the building permit to Mr. Dunn authorizing him to erect his ready-mix concrete plant. . . .

"11. That the plaintiffs knew that the permit had been issued before any construction was commenced. . . .

"13. That on September 12, 1956, Mr. Dunn made application to the common council of the city of Lake Geneva to construct a boiler room to be used in connection with the ready-mix plant. That the plaintiffs again appeared before the council and objected to the issuance of the permit to construct the boiler room, but the common council, as the administrative agency, issued the permit on September 12, 1956, authorizing Mr. Dunn to construct his boiler room to be used in connection with the ready-mix plant.

---

[2] Sec. 328.021, Stats. 1957. "COUNTY AND CITY ORDINANCES; ADMINISTRATIVE RULES OF STATE AGENCIES. The courts of this state, including the supreme court, shall take judicial notice of:

"(1) County and municipal ordinances in those counties in which the particular court has jurisdiction; . . ."

"14. That the ready-mix plant has been continuously in operation since May 11th of 1955. That the plaintiffs, although they had knowledge of the issuance of the permits, at no time made application to the board of appeals as provided in the Lake Geneva zoning ordinance to review the decision of the administrative agency, namely, the common council of the city of Lake Geneva, in issuing the permit to Mr. Dunn for the erection of the ready-mix plant or the addition of the boiler room. . . .

"16. That all of the construction done by Mr. Dunn in connection with the ready-mix plant and the use thereof is all in accordance with the plans and specifications filed with the common council and the full disclosure made to the common council of the city of Lake Geneva and upon which they based their decision to issue the permits. . . .

"18. Thereafter and on February 11, 1957, the common council of the city of Lake Geneva amended the zoning ordinance so as to change paragraph 6 of sec. IX of said ordinance so as to exclude the mixing of concrete or asphalt or the manufacture of products from concrete or asphalt and the operations of a ready-mix concrete plant and also amended sub. 3 of sec. X so as to provide for the mixing of concrete or asphalt or the manufacture of products from concrete or asphalt and the operations of ready-mix plants or installations.

"19. That the plaintiffs engaged counsel for legal advice and to appear for them at the meeting of the common council held on April 23, 1955, and thereafter discharged said counsel. That the plaintiff, Diehl, consulted with the attorney general and after receiving a letter dated August 23, 1955, again consulted with the council who took no action. He then consulted with the bureau of engineering and the state planning division and again with the common council who took no action. Again in 1955, he consulted with Mr. Dineen's office in Milwaukee and again took no legal action. He then consulted with Attorney John Raup of Lake Geneva and later again with Mr. Dineen, his present counsel, who commenced this action in the fall of 1958.

"20. Mr. Dunn has invested in excess of $40,000 in the construction of the ready-mix plant and the boiler room. The property of the plaintiff, Walter Sharkus, is located in

a light-industrial zone. The plaintiff, Clarence Peterson, is a renter of a flat located in a light-industrial zone. The property of the plaintiff, Diehl, is located in a multiple-family-residence district and is located immediately across the street from the area designated as light-industrial district.

"21. That the defendant, Dunn, proceeded to build and construct the ready-mix plant and boiler room in good faith and in reliance upon the permits issued to him by the common council of the city of Lake Geneva.

"22. That the common council of the city of Lake Geneva believed they were lawfully entitled to issue such permits and believed that it was proper under sub. 6 of sec. IX of said Lake Geneva zoning ordinance. . . ."

The conclusions of law are as follows:

"7. That the defendant, Dunn, in good faith in reliance upon the permits issued to him expended large sums of money in erecting his ready-mix cement plant and operated the same all in accordance with the plans and specifications furnished to the city council and the full disclosure made to them concerning the plant."

Injunction is an equitable remedy, and a court in accordance with ancient doctrines and established decisions will lend its aid only to the vigilant, active, and faithful. Unreasonable delay, lapse of time, coupled with injury or prejudice, independently of any statute of limitations, constitute a defense in a court of equity. Likewise as was stated in *Rogers v. Van Nortwick* (1894), 87 Wis. 414, 429, 58 N. W. 757, and restated in *Foote v. Harrison* (1909), 137 Wis. 588, 590, 119 N. W. 291:

" 'A court of equity applies the rule of laches according to its ideas of right and justice, and the courts have never prescribed any specific period applicable to every case, like the statute of limitations; and what constitutes a reasonable time within which the suit must be brought depends upon the facts and circumstances of each particular case.' "

In *Likens v. Likens* (1908), 136 Wis. 321, 327, 117 N. W. 799, we said:

"There is no fixed rule as to the lapse of time necessary to bar a suitor in a court of equity. Each case must stand upon its own particular facts. Great lapse of time, if reasonably excused and without damage to the defendant, has been ignored; while slight delay, accompanied by circumstances of negligence, apparent acquiescence, or change of defendant's position, has been held sufficient."

The trial court in its findings found that three and one-half years had expired after the permit was issued before the plaintiffs commenced the present action. It also found that the plaintiffs had complete knowledge of the issuance of the permits for the erection of the cement plant and the erection and construction of the boiler room. The trial court found further that the defendant had expended a large sum of money in the erection and construction of the plant.

The findings of fact of the trial court clearly establish that the plaintiffs had complete knowledge of the issuance of the permits in 1955 and 1956, and sat on their rights for three and one-half years permitting the defendants to expend large sums of money in erecting and maintaining their plant before commencing the present action. Such unreasonable and unwarranted delay, coupled with the changed position of the defendants in reliance on the permits, constitutes laches so as to bar the plaintiffs' action.

*By the Court.*—Judgment affirmed.