WISCONSIN PHYSICIANS SERVICE INSURANCE CORPORATION, Petitioner-Appellant,

v.

Susan MITCHELL, Commissioner of Insurance, Respondent.

Court of Appeals

*No. 82–1452. Submitted on briefs May 18, 1983.—Decided July 26, 1983.*
(Also reported in 338 N.W.2d 326.)

For the petitioner-appellant the cause was submitted on the briefs of *Bruce K. Kaufmann* and *Jenswold, Studt, Hanson, Clark & Kaufmann* of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James P. Altman,* assistant attorney general.

Before Gartzke, P.J., Dykman, J. and W. L. Jackman, Reserve Judge.

DYKMAN, J. Wisconsin Physicians Service Insurance Corporation (WPS) appeals the trial court's order affirming an order by the Commissioner of Insurance requiring WPS to pay interest on claims pursuant to sec. 636.10, Stats.[1]

---

[1] The Commissioner's order adopted the hearing examiner's proposed findings of fact, conclusions of law and decision. The findings of fact recite the recommendations contained in an examination report. Those recommendations are:

1. WPS pay interest, where it has not already done so, on claims received after January 1, 1980, which are subject to the interest payment requirement of section 636.10 and which it can, without undue effort, identify as such a claim.

2. WPS establish procedures to monitor the aging of open claims and to pay interest on claims which become subject to the interest payment requirement of section 636.10.

Section 636.10, Stats., was renumbered sec. 628.46, Stats., by sec. 24, ch. 38, Laws of 1981. We refer to it as sec. 636.10 throughout this opinion. That section states:

(1) Unless otherwise provided by law, an insurer shall promptly pay every insurance claim. A claim shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the loss. If such written notice is not furnished to the insurer as to the entire claim, any partial amount supported by written notice is overdue if not

WPS contends that the Office of the Commissioner of Insurance's (OCI) hearing should have been conducted as a class 2, rather than a class 1 hearing, that the hearing examiner should not have been an employe of OCI, and that sec. 636.10, Stats., does not apply to it because it is a service insurance corporation. We affirm because we conclude that the classification of the hearing and the employe status of the hearing examiner were harmless error, if error at all, and that sec. 636.10 applies to WPS.[2]

---

paid within 30 days after such written notice is furnished to the insurer. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after written notice is furnished to the insurer. Any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer. For the purpose of calculating the extent to which any claim is overdue, payment shall be treated as being made on the date a draft or other valid instrument which is equivalent to payment was placed in the U.S. mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery. All overdue payments shall bear simple interest at the rate of 12% per year.

(2) Notwithstanding sub. (1), the payment of a claim shall not be overdue until 30 days after the insurer receives the proof of loss required under the policy or equivalent evidence of such loss. The payment of a claim shall not be overdue during any period in which the insurer is unable to pay such claim because there is no recipient who is legally able to give a valid release for such payment, or in which the insurer is unable to determine who is entitled to receive such payment, if the insurer has promptly notified the claimant of such inability and has offered in good faith to promptly pay said claim upon determination of who is entitled to receive such payment.

(3) This section applies only to the classes of claims enumerated in s. 646.31(2).

[2] The trial court did not construe sec. 636.10, Stats. It held that WPS's objections were premature because OCI had not sought to impose sanctions against WPS for failure to comply with sec. 636.10.

The facts are undisputed. In September 1980, OCI performed a limited market conduct examination to determine whether WPS was complying with sec. 636.10, Stats. On December 3, 1980, the examination report was given to WPS.

WPS demanded a hearing to review the report pursuant to sec. 601.44(6), Stats. The hearing was held before an examiner who was an employe of OCI. WPS presented both testimonial and documentary evidence at the hearing. The hearing examiner issued his proposed findings of fact, conclusions of law and order on April 22, 1981. On May 18, 1981, the Commissioner adopted the proposed findings, conclusions and order and the December 3, 1980, examination report. On May 28, 1981, the Commissioner ordered WPS to comply with the examination report's recommendations within three months. WPS petitioned the circuit court for review of the order on June 15, 1981. On July 20, 1982, the court issued an order affirming the Commissioner's orders and dismissing WPS's petition for review.

This court is not bound by an administrative agency's construction of a statute. *Milwaukee v. ILHR Department*, 106 Wis. 2d 254, 257, 316 N.W.2d 367, 369 (1982). The construction placed on a statute by the agency that must administer it, however, is entitled to great weight. *Environmental Decade v. ILHR Dept.*, 104 Wis. 2d 640, 644, 312 N.W.2d 749, 751 (1981). The facts which prompt a court to accord weight to an administrative construction are longstanding and consistent interpretation, contemporaneous interpretation, comparative expertise of the agency and the courts with respect to the particular problem, and whether the statute has been reenacted while a rule is outstanding. *American Motors Corp. v. ILHR Dept.*, 101 Wis. 2d 337, 357 n. 11, 305 N.W.2d 62, 71 (1981). Without going into extensive examination of each of these factors, we note that none of these factors exist in this case to prompt us to accord

great weight to the Commissioner's construction of sec. 636.10, Stats. "Questions of law such as statutory construction are reviewable *ab initio* by this court and are properly subject to judicial substitution of judgment." *Revenue Dept. v. Milwaukee Brewers*, 111 Wis. 2d 571, 577, 331 N.W.2d 383, 386 (1983).

## HEARING PROCEDURES

WPS contends that it was denied due process of law because the hearing to adopt the examination report was improperly held as a class 1, not a class 2, hearing under sec. 227.01(2), Stats. The hearing examiner in a class 2 proceeding cannot be an official of OCI under sec. 227.09 (5).

The Commissioner's finding of fact number 10 states that WPS stipulated that the twelve complaint files referred to in the examination report did involve undue delay in claim payment. WPS has not disputed this finding on appeal. Therefore, the appeal centers on the applicability of sec. 636.10, Stats., to WPS, a service insurance corporation.

The applicability of a statute to a set of facts is a question of law which we review *ab initio*. *Heileman Brewing Co. v. City of La Crosse*, 105 Wis. 2d 152, 162, 312 N.W.2d 875, 880 (Ct. App. 1981). The hearing examiner's main function was to determine whether sec. 636.10, Stats., applied to WPS. Because we review that determination independently, WPS was not harmed by possible bias in the examiner's interpretation.

## CONSTRUCTION OF SECTION 636.10, STATS.

WPS contends that the requirement to pay claims within thirty days contained in sec. 636.10, Stats., does not

apply to it as a service insurance corporation. It recognizes that sec. 636.10, which provides, "[u]nless otherwise provided by law, an insurer shall promptly pay every insurance claim" applies to all insurance companies, including service insurance corporations. It argues, however, that sec. 636.10 contains an additional requirement to pay claims within thirty days which applies only to indemnity-type insurance companies, not service insurance corporations such as itself. It concludes that if OCI wanted to apply the thirty-day requirement to service insurance corporations, it had to utilize the administrative rule-making procedures contained in ch. 227, Stats.[3]

WPS points to the "covered loss," "amount of the loss" and "proof of loss" language used throughout sec. 636.10, Stats., to support its claim. The phrases "covered loss," "amount of the loss" and "proof of loss" are usually identified with indemnity-type insurance companies, not service insurance corporations because service insurance corporations do not receive any notice or proof of loss from insureds, but rather pay the health care providers directly for services rendered to insureds. WPS contends that the legislature, by using this language, intended to exempt it and other service insurance corporations from compliance with the thirty-day requirement in the statute.

---

[3] During the hearing, debate arose over the OCI's definition of an overdue claim. OCI, in conducting the limited market conduct examination, considered all claims as overdue if payment had not been made or the claimant had not been notified of the reason for late payment within thirty days after receiving the claim. There was testimony by WPS's witness that OCI's requirement of notice to the claimant within thirty days went beyond interpretation of sec. 636.10, Stats., and was an administrative rule stating general policy. The question whether OCI's interpretation of sec. 636.10 is a rule will arise only if OCI attempts to enforce its order. Accordingly, we need not address this issue.

Ambiguity exists when a statute is capable of being understood by reasonably well-informed persons to have two or more different meanings. *Wirth v. Ehly,* 93 Wis. 2d 433, 441, 287 N.W.2d 140, 144 (1980). It is this court's duty to look to the language of the statute to determine if well-informed persons should have become confused. *Town of Ringle v. County of Marathon,* 104 Wis. 2d 297, 308, 311 N.W.2d 595, 600 (1981).

We conclude that sec. 636.10, Stats., is ambiguous. Its initial all-inclusive sentence indicates no exception to the requirement to promptly pay claims. The ambiguity results from the "covered loss," "amount of the loss," and "proof of loss" language, phrases usually identified with indemnity-type insurance companies, used in connection with the thirty-day payment requirement. It is unclear whether these phrases restrict the thirty-day payment requirement to indemnity-type insurance companies only.

A statute must be construed in light of its purpose. *Johnson v. Misericordia Community Hospital,* 99 Wis. 2d 708, 734, 301 N.W.2d 156, 169 (1981). Legislative history does not reveal any explanation for the specific language used in sec. 636.10, Stats. In light of the all-inclusive first sentence requiring all insurance companies to promptly pay all claims, we conclude that the legislature intended to apply the thirty-day requirement to service insurance corporations. Explicit exemptions are contained in the statute.[4] If the legislature had intended to grant an additional exemption to service insurance cor-

---

[4] Section 636.10, Stats., contains exemptions from compliance with the thirty-day requirement if the insurer has reasonable proof that it is not responsible for the payment, no recipient is available to give a valid release for the payment or the insurer cannot determine who is entitled to receive payment when the insurer promptly notifies the claimant of its inability to pay for these reasons.

porations, it would have done so. We hold that the thirty-day requirement contained in sec. 636.10 applies to service insurance corporations, such as WPS, since no exemption is contained in the statute's language.

Finally, OCI asks for costs and disbursements under sec. 809.25(2), Stats., and reasonable attorney's fees under sec. 809.25(3). We do not reach the issue of whether this court has the constitutional authority to *find,* as required by the statute, that the appeal is frivolous.[5] *See Wurtz v. Fleischman,* 97 Wis. 2d 100, 107 n. 3, 293 N.W.2d 155, 159 (1980) (court of appeals is constitutionally precluded from making factual determinations). We have determined that sec. 636.10, Stats., is ambiguous. It follows that WPS's appeal is not frivolous. We deny OCI's motion for costs, disbursements and reasonable attorney's fees.

*By the Court.*—Order affirmed.

---

[5] Section 809.25(3), Stats., states in pertinent part:

(a) If an appeal or cross-appeal is *found* to be frivolous by the court, the court shall award to the successful party costs and fees under this section.

. . . .

(c) In order to *find* an appeal or cross-appeal to be frivolous under par. (a), the court must *find* one or more of the following:

1. The appeal or cross-appeal was filed, used or continued in bad faith, solely for the purposes of harassing or maliciously injuring another.

2. The party or the party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law. [Emphasis added.]