DORIS J. HANSON, Secretary Department of Administration
You have asked several questions concerning 1983 Wisconsin Act 372. Because analysis of the issues requires repeated reference to the text of the Act, the pertinent parts of the Act are set out in full:
SECTION 2. 70.57 (2) of the statutes is created to read:
 70.57 (2) If the tax appeals commission or a court makes a final determination on the assessment of property subject to taxation under s. 70.995 that is higher or lower than the previous assessment, the department of revenue shall recertify the equalized value of the school district in which the property subject to taxation under s. 70.995 is located.
SECTION 3. 121.09 of the statutes is created to read:
 121.09 State aid adjustment; redetermination of assessment. (1) If, on or after July 1, 1980, the tax appeals commission or a court makes a final redetermination on the assessment of property subject to taxation under s. 70.995 that is lower than the previous assessment, the school board of the school district in which the property is located may, within 4 years after the date of the decision or judgment, file the decision of the tax appeals commission or the judgment of the court with the secretary of administration, requesting an adjustment in state aid to the school district. If the secretary of administration determines that the decision or judgment is final and that it has been filed within the 4-year period, the state shall pay to the school district in the subsequent fiscal year, from the appropriation under s. 20.255 (2)(ac), an amount equal to the difference between the state aid computed under s. 121.08 for the school year commencing after the year subject to the valuation recertification, using the school district's equalized valuation as originally certified, and the state aid computed under s. 121.08 for that school year using the school district's equalized valuation as recertified under s. 70.57 (2).
The Act also provides, in section 121.09 (2), Stats., that redeterminations which result in higher assessments cause a proportionate withholding of state aid to the school district in the next year. *Page 121 
This legislation permits a school district to recoup some of the revenues lost as a result of a lowering of the assessed value of manufacturing property in that school district. A determination that manufacturing machinery or equipment is either exempt from property taxes or over assessed can have profound effects on a school district's revenues. The drafting notes to1983 Wisconsin Act 372 indicate that manufacturing property was reassessed in the Kimberly School District. As a result of that reassessment, the total valuation of property in the Kimberly School District was decreased by 12.96%. Similarly, the valuation of property in the Jefferson School District decreased by slightly over 4% after particular property was determined to be exempt.
1983 Wisconsin Act 372 is a means of adjusting state aid to a school district to compensate for changes in valuation. Unfortunately, the Act's pellucidity of purpose is not reflected by precision in phraseology. This lack of precision makes it necessary to interpret the statute.
The purpose of statutory construction is to discern the intent of the Legislature. Kollasch v. Adamany, 104 Wis.2d 552,313 N.W.2d 47 (1981). The intention of the statute should govern over any literal or technical meaning of language used. City ofMadison v. Town of Fitchburg, 112 Wis.2d 224, 332 N.W.2d 782
(1983).
You first ask whether a determination that certain property is exempt from taxation under section 70.11 (27) is included in the phrase "redetermination on the assessment of property subject to taxation under s. 70.995 that is lower than the previous assessment." Section 70.995 does not make any property subject to taxation. Section 70.995 simply provides that the Department of Revenue rather than the local assessor shall assess manufacturing property.
All property, including manufacturing property, is subject to taxation unless specifically exempted. Sec. 70.01, Stats. Certain property is exempt under various provisions of section 70.11. If the Act were to be read literally, therefore, there could never be a final redetermination on the assessment of properties subject to taxation under section 70.995 because there is no property subject to taxation under section 70.995. Such an interpretation, however, would make the Act a nullity. It should never be presumed that any part, much less all, of a statute is meaningless. Associated Hospital Service v. *Page 122 Milwaukee, 13 Wis.2d 447, 109 N.W.2d 271 (1961). I conclude, therefore, that the phrase "property subject to taxation under s.70.995 . . ." must be interpreted as "property subject to assessment under sec. 70.995 . . . ." See, e.g., sec. 70.32 (3), Stats.
Our inquiry does not end here, however, because there is no agreed upon definition of "assessment." In particular, there is a question whether exempt property is assessed or "subject to assessment." Various statutes distinguish between assessment and exemption. Section 70.12 provides that "[a]ll real property not expressly exempt from taxation shall be entered upon the assessment roll in the assessment district where it lies." Section 70.337 (4) states that if a property tax exemption is denied or terminated "the assessor shall enter the property on the next assessment roll" implying that exempt property is not on the assessment roll and therefore has not been assessed. Section70.995 (7)(c) requires that in addition to assessing all taxable manufacturing property "the department of revenue shall also . . . value all machinery and specific processing equipment exempt under s. 70.11 (27)." The statutes, therefore, could lead to the conclusion that property which is exempt from taxation is not "subject to assessment" and is therefore not included in the Act.
The decision in Heileman Brewing Co. v. City of La Crosse,105 Wis.2d 152, 312 N.W.2d 875 (Ct.App. 1981) can be read as supporting this view. In that case the court held that the phrase "amount or valuation" in section 70.995 (8)(c) did not include questions of exemption. Exemption issues, the court held, must be brought in circuit court. Questions of amount or valuation, that is assessment questions, can be brought before the Board of Assessors and the Tax Appeals Commission.
The court in Heileman, however, was not interpreting the word "assessment." Furthermore, the court was deciding a procedural, not a substantive issue. I believe the holding in Heileman must be limited to the narrow issue presented in that case and therefore is not determinative of the issue here.
Interpreting "assessment" in the Act in a narrow and technical sense would create anomalous results: a school district which lost revenue because the assessment on a major manufacturing property was lowered could be reimbursed; if the same property were determined to be exempt the school district could not be reimbursed. The *Page 123 
effect is the same; the school district loses revenues. I must conclude, therefore, that the Legislature intended to reimburse school districts which lose revenue as a result of property being found exempt as well as those school districts which lose revenue because assessments are lowered.
The last sentence of section 121.09 (1) reinforces this conclusion. That sentence uses the phrase "school district's equalized valuation." The equalized valuation of a school district would be affected by either lower assessments or exemptions. Furthermore, in most instances the questions of assessment and exemption are inextricably intertwined. For example, in Ladish Malting Co. v. Dept. of Revenue,98 Wis.2d 496, 297 N.W.2d 56 (Ct.App. 1980), it was determined that certain structures were exempt from property taxes because they were manufacturing property, not buildings. That determination of exemption, however, would not mean the property upon which the structures were located was exempt. Therefore, the overall assessment on that parcel of property would be lowered as a result of the finding of exemption. A finding of exemption often lowers an assessment rather than totally removing property from the assessment roles.
Section 70.995 recognizes that questions of assessment and exemption are linked by requiring, in section 70.995 (c), the Department to value all property which is exempt under section70.11 (27) when it is assessing all taxable manufacturing property. Quite clearly, it is impossible to assess property for tax purposes without first determining what parts of that property are exempt from taxation. Therefore, although the distinction between assessment and exemption may be necessary and useful in some areas, I must conclude that the Legislature did not intend to make such a distinction in 1983 Wisconsin Act 372. School districts should be eligible for aid adjustments whether their equalized valuation is changed as the result of a lowering of assessments or findings of exemption. In particular, the Jefferson School District, whose equalized valuation was lowered as a result of the Ladish Malting Co. case is entitled to an adjustment in its state aids.
The application of the Kimberly School District is based on a final order of the circuit court, dated April 2, 1981, which was the result of a stipulation rather than any decision by the court. The Act requires the school district to file the "decision" of the Tax Appeals *Page 124 
Commission or the "judgment of the court" and provides for payment if you determine that the decision or judgment is final and has been filed within the four-year period. The statutes distinguish between an order and a judgment, e.g., sections806.06 and 806.07. An action may end, however, either through final judgment or final order and either is appealable. Sec.808.03 (1), Stats. I believe the words "final redetermination" in the Act rather than the technical terms "decision," "order" or "judgment" should govern your decisions. A school district should be eligible for adjustments whether the final determination is a final judgment or a final order.
Neither the Act nor other statutes require that a final order or final judgment be the result of an actual court decision. An order or judgment which results from a stipulation is as enforceable and valid as any other. Certainly the effect on the school district's equalized valuation is the same.
You state that the Algoma School District has provided you with a final decision of the Tax Appeals Commission for the tax year 1977 but no decision from either the Commission or a court for tax years 1978 and 1979. You question, therefore, whether the district is eligible for aid adjustments for the latter two years. I have reviewed the materials you submitted and find a decision from the Tax Appeals Commission, a decision and order in Docket No. 29-MR-77, dated December 23, 1981. This Docket involved the petitioner's 1977 taxes. There is also an order dated June 7, 1982, in Docket No. 119 MR-78 signed by the chairman of the Tax Appeals Commission modifying the assessment of the petitioner's property for the year 1978 based on a stipulation. There is another order in Docket No. 12-MR-79 dated May 24, 1982, signed by the chairman of the Tax Appeals Commission affirming the determination of the State Board of Assessors for the petitioner's 1979 taxes.
Actions before the Tax Appeals Commission may be decided by either decision or order. Sec. 73.015 (1), Stats. As noted above, whether that decision or order is the result of a stipulation or a contested hearing is immaterial for the purposes of the Act. Therefore, if the Algoma School District meets the other requirements of the Act, it is eligible for an adjustment in its state aids.
You last question the application of the Beloit School District indicating there is an order from the Tax Appeals Commission for *Page 125 
the 1980 assessment but none for 1981. You question this application because the 1981 assessment is a determination by the Board of Assessors and the 1980 order results from a stipulation. For the reasons given above, the fact that the 1980 order is a result of a stipulation is immaterial.
The 1981 determination of the State Board of Assessors, however, is not sufficient under the statute. The statute most specifically refers to the Tax Appeals Commission or a court. The Board of Assessors is an entity quite distinct from the Tax Appeals Commission. Sec. 70.995 (8), Stats. Decisions of the Board of Assessors may be appealed to the Tax Appeals Commission. Sec. 70.995 (8)(a), Stats. Although it could logically be argued that a decision to accept the Board of Assessors' determination is no different from entering into a stipulation at the level of the Tax Appeals Commission, the Legislature has specifically required that the matter be brought at least as far as the Tax Appeals Commission. The school district is not eligible for a recomputation of school aids for the year 1981.
BCL:AML